JAMES H. DEWIRE *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 13, 1888. — January 4, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Railroad — Collision — Passenger on Car Platform.*

In an action against a railroad company to recover for personal injuries occasioned to a passenger, while standing on a car platform, by a collision caused by the negligence of a servant of the company, there was evidence that the plaintiff, after taking the train at a place other than a regular station but where passengers were permitted to do so, proceeded to pass through the several cars of the train in a vain search for a vacant seat; and that, at the time of the collision, he had reached the platform of one of the rear cars, and was there standing looking into that car in further search of a seat, the train then moving at a slow rate of speed.   The judge instructed the jury, in substance, that, if the plaintiff was upon the platform of the car intending to ride there, he could not recover; but if he was there for a reasonable time, not for the purpose of riding, but in the exercise of reasonable promptness in trying to secure a seat, he might recover. *Held*, that the instructions were sufficiently favorable to the defendant.

TORT for personal injuries occasioned to the plaintiff while riding upon the platform of a car of the defendant.

At the trial in the Superior Court, before *Sherman,* J., evidence was introduced tending to prove that on the afternoon of January 22, 1887, the defendant had taken a train on the Eastern Division of the defendant's railroad at Boston in order to go to Malden ; that, having ascertained that the train did not

stop at Malden, he left it when it made the stop required by law before crossing the tracks of the Fitchburg Railroad, at or near Austin Street, in Charlestown, and got upon a train leaving Boston somewhat later, upon its making a like stop at the same place; that after ascending the steps of the car which he first boarded, and while the train was in motion, he passed toward the rear of the train, through that car and one or two others, in search of a seat, which he did not find; that there were no vacant seats in either of these cars, and many passengers were standing in the aisles of the cars; that, while seeking a seat, he came to the front platform of the last passenger car but one; that while he was standing upon this platform, looking through the door or window of the car in search of a seat, the train continuing to move at the rate of from five to eight miles an hour, one of the defendant's engines, under the control of one of its firemen, was carelessly run out on a spur track from a round-house situated in the angle formed by the tracks of the Fitchburg Railroad and those of the defendant, and struck the car upon which the plaintiff was standing, and partially overturned it; and that, to break his fall and to prevent his being thrown under the wheels, the plaintiff caught either some portion of the brake handle or rod, or some portion of the railing of the platform, and received a strain which injured one of the valves of the heart, resulting in organic disease of that organ.

The judge instructed the jury, that there was no evidence that the defendant held out any inducement to the plaintiff, or any passengers, to join the train at the place where he joined it, or at the time, or made any provision for the accommodation of passengers at that point; but that the evidence would authorize the jury to find that passengers were in the habit of leaving and boarding trains at this point, and this was known to the officers of the defendant, and that this was all that the evidence established.

The defendant requested the judge to rule as follows:

"1. Upon the whole evidence, the plaintiff cannot recover damages of the defendant, because he was guilty of negligence, which contributed to his injuries.

"2. If the plaintiff was riding upon the platform of the car at the time he received his injuries, he cannot recover.

"3. If the plaintiff was riding upon the platform of the car unnecessarily at the time he received his injuries, he cannot recover, and there is no evidence of any circumstances which would excuse or justify his riding there.

"4. If the plaintiff got upon the defendant's train when it was merely making a stop required by law, and at a time when and a place where it held out no invitation to passengers to join the train, the plaintiff acquired no rights as a passenger until he permanently placed himself, and remained in a place, within a car intended for passengers.

"5. If the plaintiff got upon the defendant's train when it was merely making a stop required by law, and when and where it held out no invitation to passengers to join the train, the plaintiff acquired no rights which would justify or excuse his being upon the platform of a car."

The judge declined so to rule except so far as the rulings requested were given in the instructions to the jury which follow:

"If the plaintiff was riding upon the platform of the car unnecessarily and voluntarily at the time he received his injury, and his so riding on the platform contributed to his injury, he cannot recover, and you must render a verdict for the defendant. If, on the other hand, you find that he entered one of the defendant's cars having a ticket entitling him to a ride, or he so entered without a ticket, intending to become a passenger for hire, and, finding that car overcrowded, passed through such car for the purpose of finding a seat in another car of the same train, and was looking into the door or window thereof to see if he could find a vacant seat, and while so standing on the platform the car and engine came into collision, you may find that he was a passenger on the defendant's train, provided you also find that he was acting reasonably and in the exercise of due care in attempting to find a seat or place to ride within the defendant's car. Railroad corporations as common carriers of passengers are required to carry passengers safely, but they are not expected nor required to carry them upon the platforms of the cars; and if passengers voluntarily ride there, they do so at their own risk. The question as to the way the plaintiff entered the cars, and what he was doing at the time when the injury was received, is a question of fact entirely, for your consideration. If he went

upon the defendant's car, passing through one or more in search of a seat, and, finding the car or cars overcrowded, stepped upon the platform of the next car intending to ride there, he cannot recover, and you must be satisfied, in order to find for the plaintiff, that his stop there was a reasonable one, and that he was in the exercise of reasonable promptness in attempting to secure a seat, and that he was not there for the purpose of riding; if you find these facts affirmatively, you may find for the plaintiff."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. Lincoln,* (*W. I. Badger* with him,) for the defendant.

*C. G. Fall,* for the plaintiff.

FIELD, J. It must be considered that the defendant held out no inducement or invitation to the plaintiff to take the train at the place where he took it, but that the jury might find, on the evidence, that the defendant permitted passengers to take trains at this place, and that the plaintiff, in taking the train, intended to become a passenger; and it is with reference to a person who takes a train under such circumstances, and with such an intent, that the correctness of the instructions asked for must be determined. The plaintiff was not a trespasser in taking the train, and when he had reached in safety the inside of a passenger car, then certainly, if not before, he became a passenger. *Merrill* v. *Eastern Railroad,* 139 Mass. 238. After he became a passenger, we cannot distinguish his rights and duties from those of the other passengers.

The injury was caused by a locomotive engine of the defendant company, which was carelessly driven by a servant of the company against the car on the platform of which the plaintiff was standing. There were no vacant seats in the car which the plaintiff first entered, and he passed towards the rear of the train, through one or two cars, in search of a seat which he did not find. While seeking a seat, he came to the front platform of the last passenger car but one, and was standing upon this platform looking through the door or window of the car in search of a seat; while he was standing in this position, the train continuing its motion at the rate of from five to eight miles an hour, the engine struck the car, checked or stopped

its motion, and partially overturned it, and the plaintiff fell backwards and was injured.

The instructions given to the jury upon the principal question were, in substance, that if the plaintiff was upon the platform of the car, intending to ride there, he could not recover, but if he was there " in the exercise of reasonable promptness in attempting to secure a seat," and " his stop there was a reasonable one," and " he was not there for the purpose of riding," he might recover. In *Stewart* v. *Boston & Providence Railroad*, 146 Mass. 605, it is said, " In going from one car to another of a rapidly moving train, merely for his own convenience, the plaintiff took upon himself the risk of all accidents not arising from any negligence of the defendant." In the case at bar, the accident arose from the negligence of the defendant's servant, which must be regarded as the negligence of the company, and the question is whether there was carelessness on the part of the plaintiff which contributed to the injury.

If it be assumed that a passenger who goes from one car to another of a moving train, for the purpose of finding a seat, takes all risks which are obvious or are incident to the motion of the train, yet it cannot be held that he takes the risks of a collision with a locomotive engine or another train. He could not foresee that such a collision was likely to happen, and his going upon the platform of a car would not tend in any degree to bring about such a collision; and if a collision were to occur, it is difficult to say that a position on the platform would be more dangerous than one inside the car. Passengers have the right to assume, in the absence of any warning or evidence to the contrary, that one passenger car is as safe as another, and, if there is no regulation of the company forbidding it, it must be that passengers have the right to go from one car to another while the train is in motion when their convenience requires it, subject to the risks which are incident to such a proceeding.

In the case at bar, we think that there was no want of ordinary care on the part of the plaintiff, so far as any injury from collision was to be apprehended, and that the plaintiff's conduct did not contribute in any degree to bring about the collision or the injury which resulted from it. There is no evidence that the consequences of the defendant's negligence could have been

avoided by the exercise of reasonable care on the part of the plaintiff. The presence of the plaintiff upon some part of the train which was struck or displaced by the colliding engine was a necessary condition of the plaintiff's being injured thereby, but it was not in a legal sense a contributing cause of the injury.

Whether the plaintiff would have been hurt more or less than he was, if he had been inside the car, can only be conjectured, for all the passengers in the car were put in peril because the car was partially overturned by the collision. The plaintiff was injured because he happened to be on one part of the train rather than on another, and not because his position upon the platform peculiarly exposed him to such a danger. We think that the instructions given were sufficiently favorable to the defendant.                              *Exceptions overruled.*