SARAH WOODS AND ANOTHER, RESPONDENTS, v.
SOUTHERN PACIFIC COMPANY, APPEL-
LANT.

MASTER AND SERVANT.—PERSONAL INJURY.—CONTRIBUTORY NEG-
LIGENCE.—Where the negligence of the defendant is admitted,
but it is claimed that defendant is not liable to plaintiff on
account of plaintiff's contributory negligence by being on the
platform of a passenger car and not on the inside, the appellate
court cannot say, as a matter of law, that such conduct was
negligence per se.

NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE.—QUESTION FOR JURY.—
If in any case the court is authorized to declare as a matter
of law that the negligence of the injured party is such as to
preclude a recovery, it can only do so when it clearly appears
that but for such contributory negligence the accident could
not have happened, modifying Smith v. Railway Co., ante,
and affirming Olsen v. Railway Co., ante.

APPEAL from a judgment of the district court of the
fourth district, and from an order refusing a new trial.
Hon. James A. Miner, judge.    The opinion states the
facts.

Messrs. Marshall and Royle, for the appellant.

The following facts are uncontroverted:   From Lake
Station to Terrace was only about twenty-five miles.   The
train left Lake Station about 10 A. M. and arrived at
Terrace about 1 P. M.    Hall, Gaisford and Woods went
out on the platform only a few minutes before the accident.
The train was in town, houses were on both sides of the
track, the train had slowed up to stop, and was only a
hundred yards or so from the stopping place, and jumped
the track at the switch, right in town.    Woods would
necessarily have been in full view of the citizens of Terrace.

Neither Hall nor Gaisford, both of whom were within three feet of Woods, saw anything to indicate the justice of plaintiffs' claim.

Appellant takes the position that under all the circumstances the verdict is clearly and manifestly wrong, and in any event, the fact that plaintiffs' decedent was riding upon the platform without any necessity therefor was clearly contributory negligence, preventing a recovery. *Railway Co.* v. *Jones*, 95 U. S. 441; *Gavet* v. *Railway Co.*, 16 Gray, 501; *Clark* v. *Railway Co.*, 36 N. Y. 135; *Conelly* v. *Ice Co.*, 114 N. Y. 104; *Hickey* v. *Railway Co.*, 14 Allen, 429; *Railway Co.* v. *Hoosey*, 99 Pa. St. 492; *Goodwin* v. *Railway Co.*, 84 Me. 203; *Worthington* v. *Railway Co.*, 23 At. Rep. 590.

*Messrs. Evans and Rogers*, and *Mr. A. G. Horn*, for the respondent.

Section 2353, 2 Comp. Laws of 1888, provides that "In case any passenger shall be injured on the platform of any car, or on any baggage, wood, gravel or freight cars, in violation of the printed regulations of the company, posted up at the time, in a conspicuous place, inside of its passenger cars, then in the train, or in violation of verbal instructions given by an officer of the train, such company shall not be liable for said injury." This statute was not relied upon, and no proof was given thereunder by the railway company. Having failed to do so, our contention is that according to rules of the common law, and in the absence of any statute, it is not negligence *per se* to ride upon the platform of a moving car under the circumstances of this case.

Section 2352, 2 Comp. Laws of 1888, makes it a misdemeanor to place baggage, freight, merchandise or lumber cars, in the rear of passengers cars. Even conceding that the decedent was negligent, still if the defendant by using

ordinary care and diligence could have avoided the injury, it was its duty so to do. *Railway Co.* v. *Ives*, 144 U. S. 408; *Coasting Co.* v. *Tolsop*, 139 U. S. 551; *Donohue* v. *Railway Co.*, 91 Mo. 357; *Railway Co.* v. *Patton*, 31 Miss. 156; *Deans* v. *Railway Co.*, 107 N. C. 686. But that it was not contributory negligence, we cite *Bonner* v. *Glenn*, 15 S. W. Rep. 572; *Dewire* v. *R. R. Co.*, 148 Mass. 343; s. c. 19 N. E. Rep. 523; *Zemp* v. *R. R. Co.*, 64 Am. Dec. 763; *Sims* v. *R. R. Co.*, 27 Ind. 59; *Goodrich* v. *R. R. Co.*, 29 Hun, 50; *Nolan* v. *R. R. Co.*, 87 N. Y. 63; *Collins* v. *R. R. Co.*, 12 Barb. 492; *Werle* v. *R. R. Co.*, 98 N. Y. 650; *Carroll* v. *R. R. Co.*, 1 Duer. 571; *13 & 15 St. Pass. Ry.* v. *Boudrou*, 2 Am. & Eng. Ry. Cases, 30; *Willis* v. *R. R. Co.*, 34 N. Y. 670; *Wateman* v. *Vose*, 43 Maine, 504; Dearing on Negligence, sec. 97; *Gerstle* v. *U. P. R. R. Co.*, 23 Mo. App. 361; *Mitchel* v. *R. R. Co.*, 25 Pac. Rep. 245.

It is the great weight of authority, that where a person injured has been guilty of negligence but that such negligence had no casual connection with the injury, or at least so remote a connection that in law it cannot be deemed so at all, then the person injured is entitled to recover against the person or company doing him the injury, provided he can establish negligence on their part. See note at foot of page 37, 2 Am. & Eng. Ry. Cases, citing numerous authorities.

SMITH, J.:

This is an appeal from a judgment and order denying a new trial, made in the fourth district court, in favor of plaintiffs, and against appellant. The judgment was for damages accruing to plaintiffs by reason of the death of George S. Woods, who, it is alleged by plaintiffs, was killed by the negligence of the defendant. Three specific acts of negligence on the part of defendant are alleged, all of which, it is claimed, contributed to the accident resulting in the

death of Woods, to wit: (1) That defendant made up a train with a passenger car in front of a number of loaded freight cars; the passenger car being the one in which Woods, the deceased, was riding. (2) That defendant was using a track, switch and frog that were out of repair. (3) That defendant was using trucks and wheels under its locomotive that were out of repair. The defendant denied the negligence alleged, and affirmatively alleged that the deceased was guilty of contributory negligence, in this: That at the time of the accident the deceased was standing on the platform of the passenger car, which was a place of great and manifest danger, and that this act of deceased contributed to his injury.

. The facts proven are substantially as follows: On the day of the accident, deceased was in the employ of defendant, as a carpenter, working at Lake Station, in Box Elder county; that he was accustomed to travel from point to point in a passenger car called the "Outfit Car." That defendant, in order to convey plaintiff and other workmen from Lake to Terrace, put this passenger car, with the workmen in it, in a freight train, within three or four cars of the engine, and with 18 to 20 freight cars in the rear of it. In this position the car was conveyed to Terrace. As the train was going into the switch at Terrace the trucks or wheels of the engine mounted the rail at the switch, derailing the train, and wrecking the car on which deceased was riding. Deceased was killed, and five or six others on the car more or less severely injured. The passenger car was broken in two, and was partially set on fire. The evidence also shows that the engine was derailed by reason of a defective switch, that was much worn, and the passenger car was crushed by reason of the momentum of the freight cars in its rear. The rear part of the train did not leave the track, and persons on that part of the train were not injured. It

will thus be seen that the proof fully sustained the charge of negligence against defendant in the first and second of the particulars charged. This is practically conceded by counsel for defendant on this appeal. But the question that is urged upon our attention as ground for reversal is this: That the deceased was negligent in standing on the platform, and that this contributed to his injury, and that plaintiffs cannot, therefore, recover. The facts in relation to this claim appear by the record to be that, about five minutes before the accident, deceased was lying in his bunk in the car; that, from two to four minutes before the accident, deceased and two other men stepped out on the platform; that no person knew why deceased went out, or what he was doing; that, when the accident happened, deceased and one of the other men on the platform were thrown off, and one of them was thrown or jumped through the open door into the car; that the man thrown off with deceased was slightly hurt, and, of those in the car, some were seriously hurt, some slightly hurt, and one or two, perhaps, escaped without injury.

The appellant claims that in this state of the proof the court should have instructed the jury, as a matter of law, that deceased was guilty of contributory negligence, and that having failed to do this, the court should have set aside the verdict as unsupported by the evidence. A number of authorities are cited to sustain this position. We have examined these carefully, and they fail, in our opinion, to sustain the position assumed by appellant. The cases cited are as follows: *Hickey* v. *Railway Co.*, 14 Allen, 429. In this case a passenger went out of one car, onto the platform of the one next in the rear, where he stood,—the cars being uncoupled. The car in front was derailed. The one behind ran into it, and plaintiff's intestate was killed. It was held the plaintiff could not recover. This case is substantially overruled in *Dewire* v. *Railway Co.*, 148 Mass. 343,

19 N. E. Rep. 523, which we will review further on. The case of *Gavett* v. *Railway Co.*, 16 Gray, 501, is as follows: Plaintiff undertook to step from a moving train to a station platform, and was thrown and injured. It was held she could not recover. This, it will be seen, is not in point in this case at all, as the act of plaintiff in stepping off the moving train was one that contributed to, and assisted to produce, the accident, and without which it could not have happened.

The case of *Goodwin* v. *Railway Co.*, 84 Me. 203, 24 Atl. Rep. 816, is cited. In that case, plaintiff's intestate was riding on the platform of a passenger car, which was running round a curve very rapidly, thereby causing the car to lurch; and the deceased fell off, and was killed. Here, again, it will be seen the accident could not have happened but for the act of deceased in standing on the platform, as the car was running in the ordinary way, did not leave the track, and those inside of it were unhurt. The case of *Railway Co.* v. *Hoosey*, 99 Pa. St. 492, was exactly like the above, and needs no comment in addition. The case of *Railway Co.* v. *Jones*, 95 U. S. 441, was a case in which plaintiff voluntarily got on the pilot of a locomotive engine, and while riding there was hurt by coming in collision with an obstacle on the track. He had been warned of the danger of such position, and had been forbidden to ride there, but persisted in doing so. It can hardly be claimed that this is an authority for the position of counsel for appellant in the case at bar. The case of *Clark* v. *Railway Co.*, 36 N. Y. 135, is cited. In that case, plaintiff was riding on the platform of a street car, and was hurt by a cart which the car ran into. It was held he was entitled to recover. The case is squarely against the appellant here.

Beach, Contrib. Neg. § 54, is also cited. That section, or the part relied on, is as follows: "It is not negligent *per*

.*se* for a passenger to ride upon the platform of a railway
.car, nor is it negligence to stand upon the ·platform of cars
.in motion, when there are no vacant seats inside the car;
but, as a general rule, voluntarily and unnecessarily to stand
·or ride upon the platform is such negligence as will pre-
vent a recovery for injuries received while there." We think
both parties might derive some comfort from the rule so
.stated.     The case of *Worthington* v. *Railway Co.,* 23 Atl.
Rep. 590, from the supreme court of Vermont: This was
.a case where the plaintiff was voluntarily standing on the
platform of a car, and was jolted or thrown off by ·the sway-
ing motion of the cars, owing to the fact that the train was
running fast.     There was no accident to the train.     These
.are all the cases and authorities cited by appellant.     It will
.be observed that in all these cases, unless it be that of
*Hickey* v. *Railway Co., supra,* there was no collision, derail-
ment, or other accident to the train, and in every one, with
the exception just noted, the injury could not have occurred
but for the negligence of the plaintiff.     In other words, the
injury was, in each instance, traceable proximately to the
injured party's own fault.

The distinction between this class of cases and the case
at bar is very marked.     In this case the act of defendant
in placing the passenger car between loaded freight cars
was criminal negligence of the gravest character, and the
parties responsible for it were guilty of felony.     See section
2352, 2 Comp. Laws Utah.     The proof shows gross neglect
in the defendant, in failing to keep the track and switch
in repair.     By the uncontradicted testimony it appears that
the defect in the switch was quite apparent; that a similar
·wreck had occurred at the same switch a few days before,
.and nothing had been done or attempted to repair ·the
.defect.     The injury to plaintiffs' intestate was due to one·
·or both of these negligent acts or omissions of defendant,
.and might have occurred to him, no matter where he had

been on the car when the wreck occurred. The court, if in any case it is authorized to declare, as a matter of law, that the negligence of the injured party is such as to preclude a recovery, can only do so when it clearly appears that but for such contributory negligence the accident could not have happened. As illustrative of this rule, we cite *Bonner* v. *Glenn*, (Tex. Sup.) 15 S. W. Rep. 572; *Dewire* v. *Railroad Co.*, 148 Mass. 343, 19 N. E. Rep. 523; *Zemp* v. *Railroad Co.*, 64 Amer. Dec. 763; *Goodrich* v. *Railroad Co.*, 29 Hun, 50; *Collins* v. *Railroad Co.*, 12 Barb. 492.

It is not necessary to review these cases, and others that might be cited, except to call attention to the case of *Dewire* v. *Railroad Co.*, 148 Mass. 343, 19 N. E. Rep. 523, for the purpose of showing that in that state the rule declared in *Hickey* v. *Railway Co.* has been modified, if not overruled. In the Dewire case the plaintiff was riding on the platform, and was hurt in a collision between the train and a locomotive. The collision was caused by the neglect of the defendant. It was held that the plaintiff was entitled to recover. The court, in conclusion, in this case, say: "Whether the plaintiff would have been hurt more or less than he was if he had been inside of the car can only be conjectured, for all the passengers in the car were put in peril because the car was partially overturned by the collision." This language is peculiarly applicable to the case at bar, the difference being that the case under consideration is a much stronger one. Here the passenger car was crushed and broken in two. Nearly all the persons in it were severely injured. It was partially set on fire. Can any man say that deceased would not have been killed, had he been on the inside? We think not.

We have not deemed it necessary to discuss the claim of necessity for the presence of deceased on the platform, which would, in any event, have been a proper matter for

the jury to consider. We base our decision on the ground —twice declared by us at the present term—that, unless the neglect of the injured party was such that the injury is directly attributable to it, the case is one for a jury. *Olsen* v. *Railway Co., ante,* 33 Pac. Rep. 623; *Smith* v. *Railway Co., ante,* Id. 626, (both decided at this term.) The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concurred.