### KANSAS & A. V. RY. CO. v. WHITE.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1895.)

#### No. 567.

CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

In an action against a railroad company for negligently causing the death of a person who, at the time of the accident, was standing on the platform of the caboose attached to the wrecked train, the court charged the jury that if they found that the fact that the deceased was on the platform did not contribute in any degree to his injury, but that he would have been fatally injured if he had been inside the caboose, then the plaintiff was entitled to recover, if the defendant was found to have been negligent. *Held* no error.

In Error to the United States Court in the Indian Territory.

This was an action by Alonia White, administratrix of Warner B. White, deceased, against the Kansas & Arkansas Valley Railway Company, to recover damages for causing the death of the plaintiff's intestate. The plaintiff recovered a judgment in the circuit court. Defendant brings error.

Geo. E. Dodge, B. S. Johnson, and C. B. Moore, for plaintiff in error.

William T. Hutchings, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This suit was commenced by Alonia White, as administratrix of the estate of Warner B. White, deceased, the defendant in error, against the Kansas & Arkansas Valley Railway Company, in the United States court in the Indian Territory, to recover damages for the killing of Warner B. White, the plaintiff's husband. On the 4th day of May, 1892, Warner B. White, the deceased, was traveling on a freight train of the defendant, in charge of cattle. The accident which resulted in his death occurred about 2 o'clock at night, at Wagner, in the Indian Territory, and was brought about by a mistake in making a drop or flying switch. The engineer intended that the engine should go on the switch, and

the stock train, and the caboose on which White was riding, on the main track; but by some mistake the engine went on the main track, and the stock train on the switch, where it came in collision with some loaded coal cars standing on the switch track, with so much force and violence that the caboose was thrown over, and more or less broken up. The end which came in contact with the coal cars was "swished around, and the track torn up"; and the other end was jammed into the cattle car in front of it, and White, who was standing on the platform of that end of the caboose, was thrown into and against the cattle car, and killed. The plaintiff in error contends that the evidence does not show that the company was guilty of negligence, and does show that the deceased was guilty of contributory negligence. These were questions of fact, which were properly submitted to the jury by the court in a charge to which no just exception can be taken. On both these issues there was evidence from which the jury might infer that the company was negligent, and that the deceased was not negligent.

The instructions asked by the defendant, and refused, were fully covered by the court's charge in chief, and the court properly refused to repeat them in the language of counsel. The court gave the following instructions to the jury: "If you find that the deceased was, at the time of the accident, riding upon the platform of the caboose, —and that is not denied,—and if you further find that the deceased would not have been injured if he had been inside the caboose, and not on the platform, you will find for the defendant, notwithstanding the defendant may have been negligent in the operation of its trains, because the platform of the caboose was a place where the deceased had no right to be. [But if you believe from the evidence that, although the deceased was upon the platform at the time of the accident, that his being there did not contribute in any degree to his injury,—that is, if you believe that he would have been fatally injured if he had been inside the caboose,—then the plaintiff is entitled to recover, provided you find that defendant was guilty of negligence as before charged.]" The defendant duly excepted to so much of the paragraph of this charge as is contained within brackets. The clause of the instruction to which exception was taken stated the law correctly. It is now well settled that a passenger on a railroad train, who is injured by the negligence of the railroad company, is not debarred from a right to a recovery because he was at the time he received the injury negligently riding on the platform of the car, or in some other exposed or dangerous position, if such action on his part did not contribute in any degree to the accident or to his injury. If the accident which occasioned the injury would have happened, and would have been attended with the same results to the passenger, if he had been in his proper place on the train, then his negligence is not "contributory negligence," in a sense that would preclude a recovery, because it in no manner or degree contributed to the injury, and is therefore wanting in the element of proximate cause essential to constitute contributory negligence that will bar a recovery. Jacobus v. Railroad Co., 20 Minn. 125 (Gil. 110); Carrico v. Railway Co. (W. Va.) 19 S. E. 571, 575; Railroad Co. v. Thomas, 79 Ky. 166; Railway Co. v.

Chollette (Neb.) 59 N. W. 921; Railway Co. v. Rice, 51 Ark. 467, 476, 11 S. W. 699; Woods v. Southern Pac. Co. (Utah) 33 Pac. 628; Bonner v. Glenn (Tex. Sup.) 15 S. W. 572; Dewire v. Railroad Co., 148 Mass. 343, 19 N. E. 523; Hutch. Carr. § 651.

We are not called upon to decide whether, as a matter of law, a stockman in charge of his stock which is being transported on a freight train is guilty of negligence in looking after his cattle from the platform of the caboose, when there is a movement in the train which may place his stock in a position which would call for his immediate attention. The rule that obtains as to stockmen in charge of stock on a freight train is very different from that which obtains as to passengers on a passenger train. Stockmen, charged with the duty of looking after their stock, may ride in places and positions, and do many things, on the freight train, without being guilty of negligence, which, if done by one riding on a passenger train, would undoubtedly constitute negligence. The exigencies of the business of looking after and caring for cattle on a freight train sometimes compel those in charge of them to climb up the ladder of a stock car while the train is in motion (Insurance Co. v. Snowden, 7 C. C. A. 264, 58 Fed. 342, 12 U. S. App. 704), and to get on top of a train, and walk back to the caboose, or to ride on the top of a car for some distance, until the train stops (Railway Co. v. Carpenter, 12 U. S. App. 392, 56 Fed. 451, 5 C. C. A. 551). We make these remarks that we may not be understood as affirming or denying the soundness of the first clause of the instructions quoted, in which the court lays it down, as a matter of law, that a stockman looking after his cattle on a freight train is guilty of contributory negligence if, while so doing, he rides on the platform of the caboose. The defendant, of course, did not except to this clause of the instruction, and it is not, therefore, before us for consideration, and we express no opinion upon it. The judgment of the lower court is affirmed.