PLAYER v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

62 723
f142 757

1. **Practice:** CROSS-EXAMINATION: DISCRETION OF COURT. The extent to which cross-examination may be allowed is peculiarly within the discretion of the court, and a cause will not be reversed for an error in this respect, unless it appears that the court has abused its discretion, and that the complaining party has been greatly prejudiced thereby.

2. **Railroads:** PERSONAL INJURY: RIDING IN FREIGHT CAR: CONTRIBUTORY NEGLIGENCE. Where one, having cattle on the train, has time to get aboard the "caboose," but fails to do so, and boards a freight car and rides therein, by reason of which fact he is injured, he is guilty of such contributory negligence as will defeat his recovery for such injury, notwithstanding the railway employes may have been negligent in not bringing the "caboose" within a reasonable distance of the depot.

*Appeal from Black Hawk Circuit Court.*

SATURDAY, JUNE 16, 1883.

THE plaintiff was in charge of, and shipped from Nora Junction, a station on defendant's road, a car load of cattle. After the cattle were placed in the car, the plaintiff went to the depot for the purpose of signing the shipping contract.

While there, he was informed by the agent that he would have to make haste if he got to the caboose before the train started. It is stated in the petition that it was a dark night, and that the passage-way from the depot to the caboose was along a high embankment, of insufficient width to allow a person to walk thereon with safety; "that it was defendant's duty to furnish a safe and reasonable passage from its depot aforesaid to the caboose of said train, and reasonable time to go from said depot to such caboose after the execution of such contract, so that he might safely accompany said cattle on such journey."

The plaintiff claims that he started from the depot to go to the caboose, and, while going in that direction, he asked one of the brakemen on said train whether he would have time to reach the caboose before it started, and was told by the brakeman that he would not, and he was directed by the brakeman to get on one of the freight cars, which the plaintiff did, and, while riding thereon, the car was thrown from the track, and he was injured.

The defendant pleaded a general denial, and contributory negligence on the plaintiff's part. Trial by jury. Verdict for defendant, and judgment. Plaintiff appeals.

*H. Boies* and *J. L. Husted*, for appellant.

*J. & S. K. Tracy* and *O. C. Miller*, for appellee.

SEEVERS, J.—I. Counsel for the appellant, in their argument, base their right to recover on the following propositions:

"1st. That defendant failed to furnish plaintiff a safe and reasonable passage-way from its depot to the caboose in which he was to ride.

"2d. That defendant failed to give plaintiff reasonable time, after his contract for the shipment of said cattle was signed, to go from the depot to said caboose before the train was started, and its agents directed plaintiff to climb on one of the freight cars, by reason of which he was compelled to, and

did, in order to accompany his stock, climb on such car, where he was injured.

"3d. That, by reason of some defect in the cars or road of defendant, the train was thrown from the track, and the plaintiff was injured."

The second count alleges that plaintiff, by direction of defendant's agents, being informed by them that he would not have time to reach the caboose, did climb upon one of the freight cars, where he was riding, when, by reason of some defect in the cars or road bed, the train was thrown from the track, and he was injured.

It may be conceded that the first proposition is true, but the plaintiff was not injured because of the unsafe condition of the passage-way from the depot to the caboose. It was proper for the jury to consider the condition of the way for the purpose of determining whether the defendant had sufficient time to go from the depot to the caboose before the train started, and in no other respect was it material whether the way was safe or unsafe.

As to the third proposition, it will be conceded that the negligence of the defendant is sufficiently shown, and that the plaintiff is entitled to recover, if he was not guilty of contributory negligence in riding on the freight car instead of the caboose; and this depends on the question whether he was properly on the freight car.

It clearly appears that if he had been in the caboose he would not have been injured.

As to the last proposition above stated, it is sufficient to say at the present time that the jury found specially that the brakeman had no authority to direct the plaintiff to get on the freight car.

This proposition will be further considered when we come to consider the instructions of the court which are objected to. The material question in the case is contained in the second proposition above stated.

II. The plaintiff testified that the brakeman did direct

him to get on the freight car under the circumstances above stated. The brakeman testified that he did not do so, and on cross-examination the brakeman was asked the following question: "Is it customary for parties in charge of stock on trains to enquire of brakemen, when the conductor is not present, with reference to movements of trains." This question was objected to, because incompetent and immaterial. The objection was properly sustained, because, if answered either in the affirmative or negative, it could not have affected the result. Besides this, there is no evidence tending to show that the plaintiff had knowledge of the alleged custom and relied thereon.

*1. PRACTICE: cross-examination: discretion of court.*

The conductor was a witness introduced by the defendant. On cross-examination he was asked: "Do you know whether it is customary with stock men, who have stock on trains on this road, to examine their stock at each stopping place." The objection of the defendant, to this question that it was not proper cross-examination, was properly sustained. Plaintiff then offered to show by the conductor "that brakemen were in the habit at this time, and prior, upon this road, of giving information to men in charge of stock as to the movements of the trains, and that he knew it and assented to it." This was objected to as not proper cross-examination, and the objection was properly sustained.

The conduct of the trial, and the extent to which the cross-examination of witnesses may be allowed, is peculiarly within the discretion of the court, and a cause will not be reversed for an error in this respect, unless it appears that the court has abused its discretion, and the party has been greatly prejudiced. We are unable so to conclude in this case.

III. The plaintiff sought to prove that after the cattle were loaded he spent some time while a pin was being looked for to fasten the door of the car. But this occurred before the plaintiff went to the depot to sign the contract, and no complaint is made in the petition that defendant was negligent in

Player v. The Burlington, Cedar Rapids & Northern R'y Co.

not having a pin where it could be readily procured; nor is it stated in the petition that the delay above mentioned in any respect contributed to the injury.

IV. The court instructed the jury as follows:

"8. There is no evidence tending to show negligence on the part of the defendant, which resulted in the injuries complained of, other than the failure to give plaintiff reasonable time to reach and board the said caboose, and, unless negligence in that respect is established by a preponderance of credible testimony, the plaintiff cannot, in any event, recover; but, if you find that a failure to give such reasonable time is so established, then you will proceed to the determination of the question as to whether there was contributory negligence on plaintiff's part.

2. RAIL-ROADS: personal injury: riding in freight car: contributory negligence.

"9. The safe and proper place for a passenger on a freight train is, under all ordinary circumstances, in the caboose; and, ordinarily, it is such negligence to be riding elsewhere, that a passenger cannot recover damages for injuries sustained when such passenger is so riding upon a car other than the caboose."

It is said that the court took from or declined to submit to the jury the question whether it was defendant's duty to bring its caboose within a reasonable distance of its depot to enable him to enter it in safety. But this question was immaterial. The court submitted the question to the jury whether the plaintiff had sufficient time to get aboard the caboose. If he had, as the jury found specially, it was immaterial under the allegations of the petition where the caboose was standing. If the plaintiff had sufficient time to get aboard the caboose, he was not justified in getting on a freight car. In so doing he was guilty of contributory negligence. It is really immaterial what caused plaintiff to loiter on the way to the caboose, unless he did so because of something done by defendant or its employes, and of this there is not the slightest evidence. Both of the foregoing instructions, in our opinion, are clearly correct. The tenth and eleventh instructions are also objected to. We do not deem it necessary to set them out.

They are in accord with the foregoing, and, therefore, in our opinion, correct.

AFFIRMED.