77  743
131  733

MELOY v. THE CHICAGO AND NORTHWESTERN RAILWAY
COMPANY.

1. **Railroads :** INJURY TO CONSTRUCTING ENGINEER : RISKS ASSUMED.
   A civil engineer engaged in the construction of a railroad track, but not responsible for the condition of the track after it is laid, assumes, by virtue of his employment, the risks incident to the operation of construction trains upon the new track when operated in a reasonably prudent and careful manner.   But where he is injured by the derailment of such train through the company's negligence in caring for and keeping in place the new track, and in running over a sunken and miry track at a rate of speed which is dangerous, considering the condition of the track, the company is liable.

2. —— : —— : NEGLIGENCE : EVIDENCE.   In such case evidence that other trains were run over the track at the same rate of speed on the same day was not admissible for the purpose of showing that there was no negligence in running the train in question; nor was it prejudicial error to exclude it when offered to show that the company had no notice of the condition of the track, since such notice was abundantly proved by other evidence which this could not overcome.

3. —— : —— : DANGEROUS RATE OF SPEED : EVIDENCE.   Although no witness testified that the speed of the train in question was so great as to be dangerous, the condition of the track was described to the jury as full of short curves, uneven and miry, and at one place sunken out of sight in the mud, and the rate at which the train was run was in evidence.   *Held* that from such evidence the jury was justified in passing on the question as to whether the rate of speed was dangerous or not, without the aid of expert or direct testimony.

Meloy v. The Chicago & N. W. Ry. Co.

4. ——: ——: CONTRIBUTORY NEGLIGENCE: CASE FOR JURY. The train in question consisted of a wrecking car, which was next to the engine, an old caboose, used for a tool car, which came next, and in which plaintiff and others of a wrecking crew were riding, three flat cars loaded with rails, three more loaded with ties, and a box car fitted up as a way car, which was at the rear end of the train. Had plaintiff been in the box car he would not have been injured. But it does not appear that plaintiff had any reason to suppose that the box car was a stronger or safer car to ride in than the caboose or tool car, and, so far as the evidence shows, it was no better adapted to the use of travelers than was the tool car, and was less convenient. Besides, the evidence tended to show that plaintiff was on this occasion one of a wrecking crew, and rode in the place provided for them. *Held* that he was not as matter of law guilty of contributory negligence in riding in the tool car, and that the question was properly submitted to the jury. (*Doggett v. Railway Co.*, 34 Iowa, 284, and *Player v. Railway Co.*, 62 Iowa, 727, *distinguished.*)

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, MAY 29, 1889.

ACTION to recover damages for personal injuries sustained by plaintiff, for which defendant is alleged to be responsible. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*Ward & Harman* and *Mills & Keeler*, for appellee.

ROBINSON, J.—In the summer of the year 1884 plaintiff was in the employment of defendant, and was engaged as a civil engineer in superintending the laying of the track on a new line of railway which defendant was then constructing from Belle Plaine to What Cheer. He was not required to see that the track was kept in good condition after it was laid. On the third day of August of the year named the track had been laid from Belle Plaine to a point about thirty-five miles

south. On that day plaintiff, who was in Belle Plaine to visit his family, was ordered to go to the front with a wrecking train, which was going down to assist in replacing on the track a derailed engine. The train consisted of an engine, which was run backwards, pushing the tender and pulling the cars; a wrecking car, with derrick, next to the engine; an old way car, fitted up and used as a tool car, next to the wrecking car; three flat cars loaded with steel rails; three loaded with ties; and at the rear end a box car, fitted up and used as a way car. The plaintiff, with other employes of defendant, rode in the tool car. At a point about twenty-one miles south of Belle Plaine the engine, derrick car, tool car and forward trucks of the first car of rails left the track, and the tool car was badly broken. At the moment of the accident plaintiff was standing on a platform of the tool car, whither he had gone, as he states, for the purpose of jumping from the train, under the belief that an accident was imminent. He was caught between two cars in such a manner that his left leg was crushed, making amputation necessary. Other injuries were also received. The evidence on the part of plaintiff tends to show that the track where the accident occurred was in bad condition at that time; that it was laid through a deep cut, over wet, soft earth; that it had settled unevenly, and was out of line; that the condition had been made worse by a storm of rain the night before; and that at the time of the accident the train was running from twelve to seventeen miles an hour. The way car did not leave the track. Plaintiff charges that the train was negligently run at too high a rate of speed over a track known to defendant to be in a dangerous condition, by an inexperienced and incompetent engineer; and that he did not contribute to the injuries of which he complains. The jury found specially that defendant was negligent in maintaining and repairing the road bed and track at the time and place of the accident; that the train in question was "running at a dangerous and negligent rate of speed, considering the condition of the road bed at that place and time;" and that plaintiff was not

guilty of contributory negligence. The amount of the verdict and judgment was ten thousand dollars. An opinion was filed in this cause on a former submission, but a rehearing was granted on the petition of appellant, and the cause again submitted.

I.  It is contended by appellant that the risks incident to riding over a new, partially completed road bed and unballasted track were necessarily contemplated in the employment of plaintiff; that the accident in question was a risk of that kind; and therefore that he is not entitled to recover in this action. But plaintiff only consented to incur such risks as were incident to the operation of trains upon such a track in a reasonably prudent and careful manner. He did not assume risks which were the result of running trains at an unreasonably high rate of speed over track in a bad and dangerous condition. Defendant was chargeable with knowledge of the condition of its track at the place of the accident. It knew that it was laid over wet and yielding earth; that proper drains had not been constructed to carry off the rainfalls and the water which came from the banks, and that the storm of the night before had aggravated the bad condition of the road bed, and had made greater caution in running trains over it necessary. There was conflict in the evidence as to the condition of the track and the rate of speed at which the train in question was run, but there was evidence tending to support the special findings of the jury that defendant was negligent in not keeping the road bed and track in better condition, and that it was negligent in the matter of running the train. Plaintiff did not assume any risk resulting from such negligence. He had, it is true, superintended the laying of that portion of the track in controversy, but it was laid several weeks before the accident occurred, and plaintiff's responsibility, therefore, had ceased. It was then in charge of the road master.

II.  Appellant complains of the refusal of the court below to allow it to prove that similar trains had been

1. RAILROADS: injury to constructing engineer: risks assumed.

Meloy v. The Chicago & N. W. Ry. Co.

2. ——: ——:
negligence:
evidence.

run at the same rate of speed over the same track on the same day, without any appearance of danger. Appellant was permitted to prove the condition of the track at the time in question, and for some time before. The fact that other trains were run over it just before the accident at the same rate of speed would not justify a negligent and improper running of the train in question. The condition of the road bed was such that the passing over it of loaded trains made it more dangerous. It is urged on rehearing that the evidence was admissible to show that defendant did not have notice of the condition of the road. That point was not made on the first submission of the cause, but it would hardly be sufficient to accomplish the purpose now claimed for it. It might show that the locomotive engineers who ran the trains in question did not know that the condition of the road was bad; but it appears that the engineer who ran the train which was wrecked, the road master, who was directly responsible for its condition, and other employes, knew or were chargeable with the knowledge of its condition.

III.   It is further contended by appellant that there was no evidence that the train was run at an unsafe rate

3. ——: ——:
dangerous
rate of speed:
evidence.

of speed. It is true that no witness testified specifically that the speed was too great to be safe. But there was evidence showing that the track was uneven; that it contained short curves caused by the sliding of the track on the wet clay; that in places one side of the track was raised on planks, while the other side was down in the clay, and was, as stated by one witness, "out of sight in the mud." The cars swayed from side to side in such a manner as to cause plaintiff to believe that there was danger that the train would be ditched. The rear brakeman applied brakes without orders, in anticipation of danger, to check the speed of the train. It did not require an expert to tell that the condition of the track made the rate of speed dangerous. It was competent for the jury to find that the train was negligently

run at a dangerous rate of speed from the evidence submitted.

IV.  The court charged the jury as follows: "If you find from the evidence that at the time of the departure of the wrecking train on which the plaintiff took passage the defendant had provided a safe and suitable car on said train for the accommodation of the employes of the defendant in riding on said train, then the plaintiff, in the exercise of ordinary care and prudence, was in duty bound to take passage on such car, and if he neglected so to do, and sought a more dangerous part of the train on which to ride, and was thereby injured, then such act was negligence on the part of plaintiff; and if such negligence directly contributed to his own injury, then he ought not to recover.  But if you find from the evidence that the defendant had provided more than one car on said train for such purpose,—that is, if in this case you find that the so-called 'way car' and the so-called 'tool car' were both provided by defendant for such purpose,—or if you find from all the facts and circumstances connected with the making up and operating of the train by the defendant that the plaintiff had good and reasonable grounds for believing, and that he did honestly believe, in the exercise of ordinary care and prudence, that both of said cars had been so provided for such purpose, then he was justified in selecting either car for his passage as to him seemed best in the exercise of such ordinary care and prudence, —under such state of facts plaintiff would not be negligent.  If you find, however, from all the facts and circumstances connected with the case, that a man of ordinary care and prudence under such circumstances would not have acted as plaintiff did, but that in the exercise of such ordinary care and prudence he would have taken passage in the rear caboose as a safer place, and would have avoided the tool car as a more dangerous place, then the plaintiff was guilty of negligence, and, if such negligence contributed directly to produce his injuries, he ought not to recover."  It is insisted by

*4. —: —: contributory negligence: case for jury.*

appellant that the verdict is contrary to this paragraph of the charge, for the reason that the way car at the rear of the train was a safer place than the tool car in which to ride, and that by riding in the latter plaintiff contributed to the injuries of which he complains.

The cases of *Player v. Railway Co.*, 62 Iowa, 727, and *Doggett v. Railway Co.*, 34 Iowa, 284, are especially relied upon by appellant as supporting its claim; but this case is different from those in several important particulars. In this case the road of defendant had not been opened to the public for traffic. The plaintiff was not a passenger within the ordinary meaning of that term, nor was he a trespasser. He was rightfully on the train. Some of the evidence tends to show that he had been directed to aid the wrecking crew in replacing the derailed engine, and that he was acting in response to that direction. It is true that it was not a part of his duty to do so, but if he had been asked to render assistance in that work by competent authority, and had consented to do so by word or act, he became on that occasion, for all practical purposes, a part of the wrecking crew, and was entitled to ride in the place provided for them. The tool car was made for a caboose or way car, with platforms at the ends, doors, steps and seats, but at the time in question was used as a car in which to carry a supporting-jack, switch-rope, block, pulley, chain-hooks, bars and other articles used in connection with wrecks. It contained accommodations for a wrecking crew, and was occupied by some of them on the trip in question, The car at rear of the train, used as a way car or caboose, had been in use for some weeks, and was used for transporting employes of defendant and supplies, tools and various articles, as frogs and a wire switch-rope. At the time of the accident it contained an ice-box, a tool-box, and perhaps other articles of the kinds already named. It was an ordinary box car, which had been furnished with seats, and steps at the sides. So far as the evidence shows, it was no better adapted to the use of travelers than was the tool car, and less convenient. It is said that the latter was an old, weak

car, a mere "egg-shell;" but one of the witnesses for defendant testified that there was not much difference as to strength between it and an ordinary freight car. The evidence does not show that plaintiff was aware of any weakness in the car, nor that he was directed to ride elsewhere, although the conductor knew where he was riding. In view of all these facts, we are of the opinion that it cannot be said as a matter of law that plaintiff was negligent in riding in the tool car, nor that it was more dangerous than the way car. It is true that, if he had been in the latter when the accident occurred, he would have escaped injury, but the course pursued by plaintiff must be considered in the light of the circumstances which induced him to ride in the tool car, rather than in the light of subsequent events. The relative safety of the different cars of a train must depend, not alone upon the places they occupy with respect to the engine, but in part upon the dangers to be encountered. In case of a front-end collision or a broken bridge, the safest car might be the one furthest from the engine; while in case of a defective road bed, which is made more dangerous by each passing car, the safest car might be the one next the engine. We think it was for the jury to determine from all the evidence submitted whether or not plaintiff contributed to his injuries, and they found specially that he did not. It is not shown that he rode in a car not designed by defendant for that purpose. If he was in fact one of the wrecking crew, and, in the exercise of ordinary care and prudence, rode in the place provided for them, he was not guilty of contributory negligence. The charge, as an entirety, submitted fairly and with sufficient fulness the various issues involved, including the question of plaintiff's negligence. We cannot say that the verdict is contrary to the charge, nor that it is unsupported by the evidence. The facts of the case are unusual, and must govern its determination.

V. The special findings of the jury render it unnec essary to consider some of the assignments of error

We discover no error in the case prejudicial to appellant. A rehearing was granted in this case because of some language in the former opinion in regard to the alleged negligence of plaintiff, which does not correctly represent the views of this court. We reach the same conclusion which we did on the first submission. The judgment of the superior court is          AFFIRMED.