JOHN M. FINNEGAN *vs.* CHICAGO, ST. P., M. & O. RY. Co.

Submitted on briefs Dec. 1, 1891. Decided Feb. 8, 1892.

**Passenger, when he Ceases to be Such.**—Evidence regarded as showing
that, the plaintiff having entered the wrong train of cars as a passenger,
the conductor stopped the train, not at a station, in order that the passen-
ger might get off and walk along the track to a train pointed out by the
conductor, which would carry him to his destination. The conduct of
the passenger in availing himself of this opportunity being voluntary, he
ceased to be a passenger after leaving the train, and was not entitled to
recover for injuries sustained by falling into a cattle guard on the track,
he having no right to assume that there was no such ordinary obstruction
on the track.

Appeal by plaintiff, John M. Finnegan, from an order of the dis-
trict court of Hennepin county, *Lochren,* J., made April 9, 1891, re-
fusing him a new trial.

*John T. Byrnes,* for appellant.

*J. H. Howe, R. G. Evans,* and *S. L. Perrin,* for respondent.

DICKINSON, J. At Stillwater, the plaintiff, desiring to go to St.
Paul, got upon a train of the defendant, which he supposed, and, as
he claims, was informed by an agent of the defendant, was destined
for that place. In fact it was destined for Black River Falls, Wis.
The train proceeded a half or three quarters of a mile on its course,
and was near a junction, where, as it seems, the road running from
Stillwater diverged in two directions, one leading to St. Paul or Min-
neapolis, and the other to Black River Falls, when the conductor,
discovering that the plaintiff was on the wrong train, immediately
stopped it, and, as the plaintiff claims, forcibly put him off, at the
same time directing him to go along the track a short distance,
where another train was standing in sight, at or near this junction,
and by which he could reach his destination. It was then dark,
and in going along the track as directed the plaintiff fell in a cattle
guard, and received an injury for which a recovery of damages is
sought. Upon the case presented on the part of the plaintiff the
court dismissed the action. The case did not justify a recovery,
and the action was rightly dismissed. It is perfectly apparent that

the conductor did not put the plaintiff off the train, but that, for the accommodation of the plaintiff, he stopped the train, so that he might get off at a point where it was supposed he could readily reach a train which would carry him to his destination. The plaintiff's action was manifestly voluntary, and induced by the desire to reach St. Paul, instead of being carried away from it. He knew, too, that the train was not stopped at a station, where provision was to be expected for the convenience and safety of passengers. Nor had he any reason to suppose that the conductor who pointed him to the other train knew the condition of the railroad track, and that there were no obstructions there which one on foot should guard against, such as cattle guards, switch rails, frogs, and such other appliances as may ordinarily be expected to be encountered on railway tracks. The plaintiff had no reason to assume that there were no such ordinary obstructions on the track. The action and direction of the conductor, under the circumstances, did not imply that the intervening space—of forty (40) or fifty (50) rods—between the two trains was more safe for travel or free from obstructions than any railroad track may ordinarily be expected to be. The plaintiff knew, as must be assumed from the circumstances, that it was not a place intended or put in suitable condition for passengers or others to travel on foot, but for proper railroad operations; and whatever risk there may have been in the situation the plaintiff voluntarily took upon himself. He ceased to be a passenger, whom the defendant was bound to protect as such, when he voluntarily undertook to go along the track to meet the other train. We have not referred to some other facts, which we deem quite immaterial, as respects the right to recover for the injury complained of.

Order affirmed.

(Opinion published 51 N. W. Rep. 122.)