CHICAGO, R. I. & P. RY. CO. v. LEE.

(Circuit Court of Appeals, Eighth Circuit. September 21, 1896.)

No. 753.

CARRIERS—WHO ARE PASSENGERS—EVIDENCE.

Where the court, on an issue as to whether one injured in a railroad accident was a passenger on the train, admitted evidence that a few minutes before the accident the conductor of the train looked into the car where plaintiff was, addressed him, and remarked that he would be back soon, it was error to exclude evidence by one of the brakemen that the conductor, who was killed in the accident, did not go to the box car in which plaintiff was riding, while he was in charge of the train, and did not know that plaintiff was riding therein. Caldwell, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Kansas.

W. F. Evans (M. A. Low and J. E. Dolman, with him on the brief), for plaintiff in error.

J. R. McClure, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. On October 8, 1894, while the defendant in error, Ray Lee, was riding on a box car in one of the freight trains of the Chicago, Rock Island & Pacific Railway Company, the plaintiff in error, the train was derailed, and the defendant in error was injured. He sued the railway company for the damages resulting from this injury. The case was tried to a jury. The two principal issues presented by the pleadings were: First, whether or not the plaintiff was a passenger of the railway company at the time of his injury; and, second, whether or not his injury was caused by the negligence of the railway company. The defendant in error produced his evidence in chief, and rested. The plaintiff in error then produced its evidence in defense, and rested. There was then no evidence in the case to the effect that the conductor or any of the trainmen in charge of the freight train when

it was wrecked had any notice or knowledge that the defendant in error was on that train. The defendant in error thereupon took the stand, and testified that about 25 or 30 minutes before the wreck the conductor of that train looked into the car where he was, said "Hello!" to him, and remarked that he would be back pretty soon. The plaintiff in error then offered to prove by one of the brakemen who was on that train that the conductor, who was killed, did not go to the box car in which the defendant in error was riding at any time while he was in charge of the train, and that he did not know that the defendant in error was riding upon it. The court refused to admit this testimony, and this ruling is assigned as error.

After this ruling had been made, counsel for plaintiff in error requested the court to charge the jury that if they found from the evidence that the conductor of the train first learned that the plaintiff was on the train a few miles east of the place where the wreck occurred, the fact that the conductor did not stop and put the boy off would not create the relation of carrier and passenger between the plaintiff and the railway company, and would not make the defendant liable for the injury in question, even though that were caused by the negligent operation of the train. But the court refused to give this instruction, or any of like character. It did charge the jury: "That if the plaintiff was on this car with the knowledge of the defendant, or any of its agents, for the purpose of being transported over its line of road, and was properly there,— and whether or not he was properly there is a question for you to determine under the evidence in this case,—his relations then to the railway company were those of a passenger, and it is immaterial whether or not he had a ticket, or whether or not he had at the time of the accident paid his fare." The counsel for plaintiff in error excepted to each of these rulings. If, as the court held and charged, the testimony of the defendant in error that the conductor of the train on which he was injured knew that he was riding in a box car on that train before the wreck was competent and material evidence to prove the allegation that he was a passenger, then the testimony offered by the railway company to the effect that the conductor did not approach that car while he was in charge of that train, and did not know that the defendant in error was there, was equally competent and material, and should have been received. An impartial trial requires the admission of competent testimony upon both sides of the material issues involved. On account of the rejection of this testimony, the judgment below must be reversed, and the cause remanded, with directions to grant a new trial.

CALDWELL, Circuit Judge (dissenting). The boy was in a stock car in charge of a mare. The mare was transferred from a car of an eastern railroad company into a car of the defendant railroad company at Joliet, Ill. The boy and mare were carried in the defendant's car from that place to the place where the train was wrecked. Between Joliet and the place of the wreck the train had changed crews three times. On this state of facts it was quite irrelevant

whether the conductor on the train at the time it was wrecked had seen the boy a few minutes before the wreck occurred or at any time. The boy's relation to the defendant railroad company had been established before this conductor took charge of the train. The instruction of the court quoted in the opinion of the majority did not relate to the circumstance of the boy seeing the conductor a few minutes before the wreck, but to what had taken place prior to that time, and long before the conductor, who was killed in the wreck, had anything to do with the train. At least two conductors and crews had preceded him in the conduct of the train before he came on duty. The conductor was killed in the wreck, and the offer was to prove that he "was not at the car containing the boy and the horse at any time after the train left Eldon." This was an offer to prove a mere conclusion. It was not an offer to prove any fact or facts from which the conclusion might be deduced, as, for instance, that the witness and conductor were constantly together from the time the train left Eldon to the place of the wreck, and that during that time they did not go to the car containing the boy and mare. No fact was offered to be proved which would tend to show the conductor had not gone to that car.

The same remark applies to the offer to prove the conductor "did not know of the boy's presence in the car." This was calling for the mere opinion of the witness about a matter obviously not within his knowledge. How was it possible that he should know what the dead conductor knew about the boy's presence in the car? The conductor may have had full information of the boy's presence in the car from the conductor who preceded him, or in many other ways. The court below was undoubtedly right in excluding the proffer of testimony upon the ground that it was irrelevant and immaterial and upon the further ground that it was an offer to prove mere conclusions and opinions of the witness and not facts. Upon the evidence, the judgment was right, and should be affirmed.