TEXAS & PACIFIC RAILWAY CO. v. WILBURN MALONE.

Delivered December 12, 1896.

**1. Verdict of Jury—Erroneous Designation of Damages Awarded.**

A finding of the jury of damages for "temporary injury" will be referred to "physical pain," where the charge of the court submitted that item of damage and the evidence was confined to it.

**2. Physical Pain of Infant—Damages Recoverable by Next Friend.**

An infant suing by next friend for personal injuries may recover damages for physical suffering, as his parents are not entitled to that fund.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*T. S. Freeman* and *Stanley, Spoonts & Thompson,* for appellant.

*Capps & Cantey,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—Appellee, by next friend, filed this suit to recover damages for personal injuries received while a passenger on one of appellant's trains at Arlington, in Tarrant County, Texas. He was then three years old, and was accompanied by his mother, and after the train had stopped at Arlington he and his mother were on the platform and in the act of leaving the train, when the train was suddenly backed to take on some trunks, it having run a little beyond the proper place of stopping, when the appellee by the sudden action of the train was thrown down, his thumb caught between the bumpers and crushed.

The suit is to recover damages for pain and suffering endured by the child and for permanent injury to the thumb. The verdict of the jury gave him $250 for "temporary injury," and $250 for "permanent injury." The injury was caused by the negligent act of the engineer in too suddenly starting back his train. The evidence sustains the material allegations of the petition, and the damages awarded are not excessive.

It is complained that the appellee is not entitled to recover for "temporary injury" as found by the jury, but that his parents only could recover same. The charge on this subject, which is complained of, submitted to the jury the amount of damages sustained by reason of "physical pain" endured. The evidence also was confined to "physical pain" suffered by the child. We think, in view of both the charge and evidence on the subject, that the damages awarded by the jury under the head of "temporary injury" were clearly given for physical pain and suffering, and for nothing else, and that he was entitled to recover for his physical suffering the same as for permanent injury which may remain after he is twenty-one years of age, and his parents would not be entitled to that fund, any more than the amount given for permanent injury.

It is complained that the charge told the jury "to assess the damages

at such sum as they believed to be fair and reasonable compensation," etc., and that it ought to have read "believed from the evidence." This assignment is not well taken, because the charge when read as given is not subject to the error assigned, but fully covers the objection made.

The other assignments of error are overruled.

Finding no error in the judgment, it is affirmed.            *Affirmed.*