### CHICAGO, R. I. & P. RY. CO. v. LEE.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1899.)

#### No. 1,074.

1. CARRIERS—INJURY TO PASSENGER—RIDING IN FREIGHT CAR.
    A contract made by a railroad company for the carriage of a fine mare gave free transportation for a part of the distance for an attendant, in consideration of which it was provided that the mare should be in his sole charge, and the company should not be responsible for her protection, whether from theft, heat, jumping from the car, or injury she might do herself. It was the custom on that road for a person in charge of fine stock to ride in the same car with such stock, and the person in charge of the mare so rode, with the knowledge of the train officials, and without objection from them. While so riding, the car was derailed through the negligence of those in charge of the train, and the attendant was injured, though the caboose remained on the track. *Held*, that the contract must be construed as one for the carriage of the attendant in the car where he was, and that he was therefore not guilty of negligence, in not riding in the caboose, which would defeat his recovery for the injury.

2. SAME—PAYMENT OF FARE.
    The fact that a passenger on a railroad train had not paid his fare at the time he received an injury will not affect his right to recover therefor, when the fare had not yet been demanded by the conductor.

3. SAME—CONTRACT EXEMPTING CARRIER FROM LIABILITY.
    A minor riding on a contract made by his father, by which the person traveling thereon was given free transportation for a portion of the distance, and which provided that he should assume all risk of personal injury, except from gross negligence of the carrier, is not bound by such provision.

In Error to the Circuit Court of the United States for the District of Kansas.

W. F. Evans (M. A. Low, on the brief), for plaintiff in error.
J. R. McClure, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. This is an action against the railroad company for personal injuries sustained by Ray Lee, the defendant in error, through the derailment of a stock car of the company, in

which he was riding with a mare of which he had the charge. This is the second appearance of the case in this court. A judgment against the plaintiff in error was reversed in 22 C. C. A. 132, 76 Fed. 212, and 40 U. S. App. 298, and a second trial has now resulted in a second judgment and verdict against the company. Several errors are assigned, but, at the conclusion of the argument in this court, the counsel for the railroad company requested us to disregard them, and affirm the judgment, unless we were of the opinion that, upon the whole case, there was insufficient evidence of negligence upon the part of the plaintiff in error to sustain the verdict, or such evidence of contributory negligence upon the part of the defendant in error as imposed the duty upon the trial court to instruct the jury that he could not recover. As the jury has rendered a verdict for the defendant in error, and has thereby found the disputed questions of fact in his favor, we must, in accordance with the settled rules in such cases, state and consider the disputed facts as they were related by his witnesses. So far as they are material to the determination of the questions presented for our consideration, they were these: Ray Lee, the defendant in error, was a minor. On October 6, 1894, his father, A. D. Lee, made a written contract with the railroad company whereby it agreed to transport a mare from Joliet, in the state of Illinois, to Junction City, in the state of Kansas, and at the same time he notified the company that his son, Ray Lee, was to accompany and take charge of the animal. Rock Island is a station on the road of the plaintiff in error between Joliet and Junction City. The contract contained these stipulations:

"In consideration of free transportation for one person to Rock Isld., hereby given by said railway company, such person to accompany the stock, it is agreed that the cars containing the stock of said Lee & Sons are in the sole charge of such person or his agents for the purpose of attention and protection to the stock while in transit, and the company assumes no responsibility for safety to stock in charge of shipper or his agents, whether from theft, heat, jumping from car, injury in loading or unloading, injury or damage which stock may do to themselves or which may arise from the reasonable delay of trains, or from any other cause or accident or injury, except those occurring by reason of gross negligence of the company. It is also agreed in all cases that the liability of the company for damage to valuable or common live stock shall not exceed one hundred dollars for each animal, except by special agreement; and, further, that the persons who receive free transportation in charge of said stock, in consideration of the receipt of the same, agree to assume all risk of personal injury from any cause whatever, except injuries arising from gross carelessness of the railway company."

The company furnished the car at Joliet, Ill., for the transportation of the mare. She was put into it with the sulky, blanket, and harness, and the defendant in error climbed in to take charge of and care for her. On the railroad of the Rock Island Company it was customary for men in charge of fine animals to ride with them in the cars which carried them. The car in question passed through the charge of two conductors between Joliet and Happy Hollow, in the state of Iowa, where the accident occurred, one east and the other west of Rock Island. These conductors knew that the defendant in error was riding in the car with the mare, but neither of them objected or warned him to go elsewhere. The rules of the company forbade pas-

sengers to ride on freight trains without special permits, but there was no evidence of the existence of any rule which forbade passengers in charge of animals in transit under special contracts to ride with them in the cars, when the agreements·required them to take sole charge of the animals. The defendant in error had no transportation and paid no fare over that part of the railroad west of Rock Island, and the conductor had made no demand for any when the accident happened. As the train was passing some reverse curves at Happy Hollow, at an unusually high rate of speed, the car in which the defendant in error was riding was derailed, and he was injured, but the caboose attached to the train in which this car was hauled remained on ·the track, and he would not have sustained any injury if he had been riding in that car.

Under this state of facts, the unusual speed, the reverse curves, and the derailment of the car furnished sufficient evidence of negligence on the part of the company for the consideration of the jury, if the defendant in error was a passenger. The questions are, was he a passenger? and was it contributory negligence for him to ride in the stock car rather than in the caboose? The presumption, in the absence of countervailing evidence, is that one who rides in a baggage car, an express car, a stock car, or on a freight train is not a passenger on it, and, even if he is, since he is riding out of the place provided by the company for passengers, that he has assumed the increased risk resulting from riding there, and is therefore guilty of contributory negligence. Bryant v. Railway Co., 4 C. C. A. 146, 147, 53 Fed. 997, 998, 12 U. S. App. 115, 123; Player v. Railway Co., 62 Iowa, 727, 16 N. W. 347; Jenkins v. Railway Co., 41 Wis. 112, 121; Railway Co. v. Miles, 40 Ark. 298; Gardner v. Northampton Co., 51 Conn. 143, 152; Powers v. Railroad Co., 153 Mass. 188, 190, 26 N. E. 446; Eaton v. Railroad Co., 57 N. Y. 382; Files v. Railroad Co., 149 Mass. 204, 21 N. E. 311; Hoar v. Railroad Co., 70 Me. 65, 72, 73; Graham v. Railroad·Co., 23 U. C. C. P. 541; Sheerman v. Railway Co., 34 U. C. Q. B. 451; Railroad Co. v. Michie, 83 Ill. 427; Railway Co. v. Lee, 22 C. C. A. 132, 76 Fed. 212, 40 U. S. App. 298. But the agreement of carriage is nothing, after all, but a contract, and a railroad company may lawfully stipulate to carry a passenger in a baggage car, in an express car, a stock car, or on a freight train generally. If it makes such a contract, it is required to exercise ordinary care in the performance of it. What was the meaning of the agreement of the parties in this case? Their contract must, like other agreements, be read and construed in the light of the circumstances surrounding them when they made it; and when it is considered that it was customary for the men in charge of fine animals to ride in the cars with them on this railroad; that the car in which the defendant in error was riding was furnished at Joliet for the transportation of the mare; that the company knew that the defendant in error was to go in charge of her; that he climbed into the car at Joliet, and rode there until he was injured; that the two conductors through whose charge he passed knew that he was riding in that car before the accident occurred, and made no objection; and that the written contract expressly provided that the car con-

taining the animal was in his sole charge, for the purpose of attention to, and the protection of, the mare during the transportation, and that the company assumed no responsibility for her safety while in his charge, whether from theft, heat, jumping from the car, or injury or damage which she might do herself,—we are constrained to hold that the fair interpretation of this agreement is that it was a contract to carry the defendant in error in the stock car occupied by the mare from Joliet to Junction City upon his payment of fare from Rock Island to the latter place. If this was the contract, the defendant in error was guilty of no negligence in occupying that car rather than the caboose, because he had the right to rely upon the presumption that the company would use ordinary care to carry him safely in the car in which the contract permitted him to ride.

The fact that the defendant in error had not paid his fare from Rock Island to Junction City was immaterial, inasmuch as the conductor had not asked for it, and, if the defendant had undertaken to carry him without the payment of fare, it was bound to exercise all due care in the performance of the obligation thus voluntarily assumed. Bryant v. Railway Co., 4 C. C. A. 146, 147, 53 Fed. 997, 998, 12 U. S. App. 115, 123; Railway Co. v. Derby, 14 How. 468; The New World v. King, 16 How. 469; Waterbury v. Railway Co., 17 Fed. 671, 673.

The stipulation in the contract that the person who receives free transportation under it agrees to assume all risk of personal injury from any cause whatever, except from injuries arising from the gross carelessness of the railroad company, is entitled to no consideration, because the defendant in error was a minor, and because this stipulation was not his contract, but the agreement of his father, A. D. Lee.

As the errors assigned which have not been considered were expressly waived by the counsel for the plaintiff in error, the judgment below must be affirmed; and it is so ordered.