FT. WORTH & R. G. RY. CO. v. HALES et al. (No. 8060.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 12, 1914.)

1. CARRIERS ⊚⇒380—WRONGFUL EJECTION OF PASSENGERS — ACTIONS — EVIDENCE — ADMISSIBILITY.

A husband, suing a carrier for the wrongful ejection of his wife and minor children, could prove that the wife had money with which to pay fare if the conductor had asked it, to show that the conductor was not compelled to eject the wife and children, though the fact that she had money to pay fare was not pleaded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1464–1466, 1469, 1470, 1472; Dec. Dig. ⊚⇒380.]

2. APPEAL AND ERROR ⊚⇒1170 — HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.

Error in admitting evidence not reasonably calculated to cause an improper judgment must be disregarded, as required by court rule 62a (149 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ⊚⇒1170.]

3. CARRIERS ⊚⇒382 — EJECTION OF PASSENGERS—DAMAGES.

A verdict for $250 for a carrier wrongfully ejecting five minor children accompanied by their mother was not excessive though the youngest child was only 11 months old, but was sick at the time, and the mother was required to carry it 5 or 6 miles, and one of the children was obliged to carry a grip weighing about 25 pounds.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1478, 1483–1491; Dec. Dig. ⊚⇒382.]

4. CARRIERS ⊚⇒382 — EJECTION OF PASSENGERS—DAMAGES.

A verdict for $750 for a carrier wrongfully ejecting a passenger with her five minor children, one of them only 11 months old, was excessive, and must be reduced to $500, though she was obliged to travel with her children 5 miles, and she was badly scared.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1478, 1483–1491; Dec. Dig. ⊚⇒382.]

Error from District Court, Erath County; W. J. Oxford, Judge.

Action by J. W. Hales and others against the Ft. Worth & Rio Grande Railway Company. There was a judgment for plaintiffs, and defendant brings error. Conditionally affirmed.

Marshall Ferguson, of Stephenville, and Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error. Chandler & Pannill and A. P. Young, all of Stephenville, for defendants in error.

CONNER, C. J. This is a companion case to that of Ft. Worth & Rio Grande Railway Co. v. Lizzie Dubose, 171 S. W. 1090, this day decided by us. The suit was instituted by the husband of Mrs. J. W. Hales to recover damages suffered by his wife and five minor children because of an alleged wrongful ejection from one of plaintiff in error's trains on the morning of the 26th of October, 1910. As more fully stated in the companion case, on that morning Mrs. Hales and her five children, accompanied by her mother, Mrs. Dubose, boarded one of plaintiff in error's passenger trains at the Texas & Pacific Railway station in Ft. Worth. The party had tickets over the Texas & Pacific to Colorado City, their intended destination. But through a mistake, which from the verdict of the jury we must hold to have been without negligence on the part of Mrs. Hales, the party boarded plaintiff in error's train, the conductor of which, after it had proceeded some five or six miles, ejected Mrs. Hales and party, and they were required to walk back to the Texas & Pacific Railway station, by reason of which it was alleged they were greatly frightened, fatigued, etc. Plaintiff alleged negligence on the part of the railway company in permitting his wife and children to wrongfully enter the train and in forcing them to leave it under the circumstances. The defense was a general denial and contributory negligence, but the trial before a jury resulted in a verdict for damages to Mrs. Hales in the sum of $750 and for the further sum of $250 for the five children, to be divided equally among them.

[1] Mrs. Hales, among other things, testified that at the time of her ejection from the train "she had enough money, and could have paid her fare if the conductor had asked for it." To this plaintiff in error objects on the ground that:

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"There was no pleading by the plaintiff in the case that she offered to pay fare, and there is no evidence that she made any offer so to do."

Apparently this testimony was offered as a mere circumstance tending to show that the conductor was not compelled to eject the party, had he sought any alternative, and, if so, no pleading was required. The allegation was that the ejection under the circumstances constituted negligence, and under the rules of pleading it was wholly unnecessary to recite the evidence relied upon to support the allegation; nor are we able to say that her failure to offer to pay her fare to a station beyond the point of ejection would lessen the force of the circumstance, if it had any force.

[2] But, whatever there may be that is objectionable in the testimony cited, either on the grounds urged, or that might otherwise be suggested, we fail to see that it is harmful. In other words, whatever may be said of the testimony, we fail to see that the error in the court's ruling, if one, amounts to such a denial of the rights of the plaintiff in error as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment is the case. The assignment, therefore, presenting this question, must be overruled. Rule 62a, 149 S. W. x.

The court's charge in this case, as in the companion case referred to, is objected to on the ground that the court thereby imposed upon the plaintiff in error that high degree of care required in cases of passengers upon railway trains; but, for the reasons stated in the other case, the objection must be overruled.

[3] Plaintiff in error's third specification of error is that the verdict of the jury assessing damages in the sum of $250 to the children should be set aside—

"because the same is excessive as to all of said children, and it is especially excessive as to one of them, which was a babe in arms, and incapable of mental suffering and humiliation; the undisputed evidence showing that one of them, at least, was about a year old."

Mrs. Hales' testimony on this point was to the effect that her babe, about 11 months old, was sick at the time, and that she was required to carry it in her arms back to the Texas & Pacific station; that her second boy was sick, and had been for "near a month"; that he had congestion, and was not able to walk; that the little boy carried a pillow, and her older son a grip, weighing something like 25 or 30 pounds; that when they were put off the train—

"we were scared awfully bad, being near a large city, and were bothered about conditions. My child, the baby, would have weighed 35 pounds. * * * Chester seemed to be a right smart worse, and took an awful cold. It was not a right cold morning, but real cool in October, and was dusty and windy. It was two or three months before Chester began to get over his cold."

That damages of the character here assessed to minor children is recoverable seems to have been settled by the decisions in the case of Tex. & Pac. Ry. Co. v. Malone, 15 Tex. Civ. App. 56, 38 S. W. 538, in which a writ of error was denied by our Supreme Court, and from a consideration of the evidence we feel unable to sustain the contention that the damages assessed by the jury in favor of plaintiff's children as a whole are excessive. It is true the infant in arms was unable to communicate its distress in words; but the fright and fatigue of the mother in the long walk back to the depot must, in the nature of things, have been communicated to the infant in a greater or less degree, and as a consequence the babe must have suffered, in its sickened condition, both mental and physical pain and discomfort. So, too, the little boy that carried the heavy grip must have suffered great fatigue, if the mother's testimony is to be credited, and the boy Chester, the more so because of his sick condition, to which may be added, as the mother testifies, that he took cold and suffered therefrom for something like a month. As to the remaining two children, we fail to find any specific complaint; but, as before observed, we think it may be fairly assumed from the circumstances that the fright of the older ones in the party was communicated to the children, and that they suffered great fatigue, so that on the whole (and the assignment under consideration goes to the whole) we feel unable to say that damages to the children in the sum of $50 each is excessive, as urged.

[4] The only remaining assignment attacks the verdict for $750 damages to Mrs. Hales as excessive, and this assignment we think must be sustained. In addition to the fright which we have before mentioned, Mrs. Hales testified that, when informed that they must get off of the train, she requested the conductor to return them to the Texas & Pacific station, informing him of the sickness of her children and of the age and infirmity of her mother, but that the conductor refused to do so, and put them off of the train upon a prairie; that it was some two miles on the way back before they came to a house; that on their way back they saw no one except negroes; that they were "scared awfully bad, being near a large city, and were bothered about conditions"; that the children were sick, as before stated; that on their way back they did not stop on the way to rest. She further testified:

"I was never so tired in my life as I was from the walk. I just ached all over when I got to the depot. I felt the effects of that walk for a month."

While it is unquestionably true that the determination of the amount of damages in cases of this character is very largely committed to the discretion of the jury, and while it is further true, under the circumstances stated, that Mrs. Hales suffered damages considerable in extent, yet we can but think that $500 would constitute ample com-

pensation to Mrs. Hales for the walk, fatigue, and fright of which she testifies on the occasion in question, and she testifies to no other harmful result.

It is accordingly ordered that the judgment in this case for damages on account of Mrs. Hales be reversed, unless defendant in error within 10 days shall file a remittitur of $250, in which event the judgment for the remainder will be affirmed, with the costs of appeal assessed in favor of plaintiff in error. The judgment in favor of defendant in error as the next friend of his minor children for damages assessed on their behalf, however, will in any event be affirmed.