FT. WORTH & R. G. RY. CO. v. DUBOSE.
(No. 8059.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 12, 1914.)

1. CARRIERS (§ 247*)—WHO ARE PASSENGERS—PERSON TAKING WRONG TRAIN.

Where a passenger at a transfer point is told that her train would arrive at 1:30 a. m., and she at that time, in the absence of a watchman and sufficient light, boarded an excursion train of another road using the depot, from which train she was evicted, she was a passenger on the excursion train, and such carrier was bound to use a high degree of care.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

2. CARRIERS (§ 382*)—EVICTION OF PASSENGER—EXCESSIVE DAMAGES.

Seven hundred and fifty dollars *held* not excessive damages for wrongful eviction from a passenger train of a woman 67 years of age and infirm, where she was accompanied by her daughter and five grandchildren, two of whom were sick, and the eviction took place five or six miles from the starting place, and the return course led through a squalid part of the city inhabited by negroes, and they were incumbered with baggage and compelled to carry some of the children, all of which made plaintiff sick for over a month afterwards.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1478, 1483–1491; Dec. Dig. § 382.*]

Error from District Court, Erath County; W. J. Oxford, Judge.

Action by Lizzie Dubose against the Ft. Worth & Rio Grande Railway Company.

From a judgment for plaintiff, defendant brings error. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, and Marshall Ferguson, of Stephenville, for plaintiff in error. Chandler & Pannill and A. P. Young, all of Stephenville, for defendant in error.

CONNER, C. J. On October 25, 1910, Lizzie Dubose, the defendant in error, together with her daughter, Mrs. J. W. Hales, and five grandchildren, purchased tickets at Wallace, in Austin county, over the Gulf, Colorado & Santa Fé and the Texas & Pacific Railways to Colorado City, in Mitchell county. The party arrived at Ft. Worth, the connecting point between the railways named, about 8 o'clock p. m. on the same day, and went over to the Texas & Pacific passenger station, where they were informed that the west-bound passenger train of that company was late but would leave Ft. Worth for Colorado City about 1:30 a. m. on the next morning. That night an excursion train from the East, belonging to the Ft. Worth & Rio Grande Railway Company, plaintiff in error, reached the Texas & Pacific station, whose depot and facilities it uses, at Ft. Worth, about 1:30 a. m. of the morning of October 26th. Mrs. Dubose, her daughter and grandchildren, boarded this train through mistake. Mrs. Dubose testified that the night was dark; that there was no watchman neither at the depot entrance to the passenger sheds, nor at the train, thus accounting for her mistake. Shortly after Mrs. Dubose and party had taken passage, the train proceeded on its way to a destination other than Colorado City, and according to the testimony of Mrs. Dubose, her daughter, and another witness, after the train had gone five or six miles, the conductor discovered the presence of the party upon the train and ejected them therefrom upon a lonely prairie, and they were required to walk back to the Texas & Pacific station.

It was alleged that plaintiff in error was guilty of negligence in ejecting the party at the time and under the circumstances it did; that at the time Mrs. Dubose was 67 years of age, weak and infirm; that part of the way led through a dangerous, squalid part of the city of Ft. Worth inhabited by negroes; that she suffered fright, physical pain, exhaustion, and fatigue, and was thereby made sick, and suffered great physical and mental pain, and would continue to so suffer during the remainder of her life.

The railway company answered by a general denial, and that the plaintiff had boarded its train without its knowledge or consent through her own mistake and her own negligence, and that she departed from the train voluntarily. The trial before a jury resulted in a verdict in plaintiff's favor for $750.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Among other things, the court charged the jury that:

"The defendant would be bound to use that high degree of care that a very cautious, prudent, and competent person would use under the same or similar circumstances."

[1] It is insisted that the plaintiff was but a licensee or trespasser upon the defendant's train, and that the charge quoted was erroneous in that it placed upon the defendant too high a degree of care; that defendant, under the circumstances, was only bound to exercise ordinary care.

While it is true that Mrs. Dubose did not have transportation over the railway line in question and did not intend to become a passenger on one of the plaintiff in error's passenger trains, and that she boarded the train in question without any express invitation on the part of plaintiff in error, yet the evidence supports the verdict to the effect that in doing so she was without negligence, and, under such circumstances, it seems to be definitely settled in this state that she became a passenger upon plaintiff in error's train, and as such was entitled to receive that high degree of care imposed by the charge objected to. I. & G. N. Ry. Co. v. Gilbert, 64 Tex. 536; St. L. S. W. Ry. Co. v. Pruitt, 79 S. W. 598.

[2] The sufficiency of the evidence to support the verdict and judgment is attacked in but one respect. It is insisted that the amount of the damages assessed by the jury and adjudged by the court is excessive. The evidence seems to fully support the plaintiff's allegations to the effect that she was old and infirm, of which the conductor was informed, and that the party was unaccompanied; that two of the five children were sick; that they were also incumbered with their baggage; and that the conductor was requested to return them to the depot, which he refused to do in a rough manner, requiring the party to leave the train. According to other testimony, the night was dark and cold, and Mrs. Dubose, as well as her daughter, testified that they were badly frightened and alarmed; that they were compelled to carry some of the children and their baggage and were greatly fatigued by the walk back to the Texas & Pacific station; that Mrs. Dubose suffered great mental and physical pain; that she was sick over a month afterwards on account of the hardships suffered that morning; and that in fact she had never fully recovered therefrom. As has been often said, there can be no accurate measure for damages in cases of this character; the amount to be assessed resting very largely in the discretion of the jury and trial court. Under the circumstances stated, therefore, we do not clearly see our way to disturb the verdict.

No other question having been presented, it is ordered that the judgment be affirmed.