Duncan, J.
Heard on motion for judgment or new trial.
This is a personal injury case. It was tried early in tbe term and tbe plaintiff was given a verdict in tbe sum of $1,000. Tbe defendant now moves for judgment in its favor upon the *237 special finding of a particular fact; and if that is denied, that a new trial be ordered for error in the charge of the court. There are other errors alleged in the motion for new trial, but this is only one urged in argument.
The defendant company owns and operates a system of electric railways in the city of Cleveland, and on the day in question, the plaintiff boarded one of its west bound ears at 36th street, but having changed her mind, attempted to leave the same before it started — when, by stepping off or being thrown off, she fell to the pavement of the street. The general verdict of the jury was to the effect that she was thrown off by the negligence of the motorman in starting the car with a jerk when she was on the lower step about to alight.
In response to the instruction of the court, given upon request of the defendant, the jury specifically found that the plaintiff fell with her head to the west — the same direction in which the car was moving. And it is urged here that this finding is inconsistent with the general verdict, controls the same and calls for a judgment for the defendant. This I can not agree to. If the plaintiff had hold of one of the handles when the ear jerked, it would be quite natural that she should fall with her head to the west. Or, if the car jerked while she was stepping off with her left foot forward, she would naturally fall in that direction, head first. The jerk of the car threw her out of her balance and she fell towards the side on which her footing gave away. Walking is a process of falling and she naturally fell in the direction in which she lost her foot-hold.
Among other things the court instructed the jury as follows:
“Under the law, the plaintiff became a passenger on this car when she boarded the same at 36th street, and she must be regarded as a passenger until after she alighted therefrom. While a passenger, the company owed to her the highest degree of care commensurate with the practical operation of its railway under the existing conditions, and the company is liable for its negligent failure to exercise such care, if by reason thereof the plaintiff received any of the injuries of which she complains, unless contributed to by her.”
*238 This, it is claimed, was error; that she ceased to be a passenger when she changed her mind and attempted to leave the car, upon which, the measure of duty the company owed her changed from the highest degree to ordinary care.
It is conceded that the relation of carrier and passenger begins when a person, intending in good faith to take passage, and with the express or implied assent of the company, places himself in a position necessary to avail himself of the privilege. Holzenkamp v. Cincinnati Traction Co., 2 N.P. (N.S.), 157, and cases there cited; Cincinnati Traction Co. v. Holzenkamp, 74 Ohio St., 379; Dewire v. Boston & Maine Ry., 148 Mass., 343 (19 N. E., 523); Klinck v. Chicago City Ry., 104 N. E., 669; Karr v. Milwaukee, L. H. & T. Co., 132 Wis., 662; Smith v. St. Paul City Ry., 32 Minn., 1, 18 N. W., 827.
And when he boards the car it is presumed that he is able and willing to pay his fare and that he will do so upon request. Chicago, R. I. & P. Ry. v. Lee, 92 Fed., 318; McKimble v. Boston & Maine Ry., 2 N. E., 97; Gabbert v. Hackett, 115 N. W., 345.
The plaintiff had boarded the car and having thus become a passenger, wfhen did that relation cease? Did it cease when she changed her mind, or when she alighted from the car? It must be conceded that under the general rule the relation does not cease until the passenger has alighted, at least, and has both feet squarely on the ground. McKimble v. Boston & M. Ry., supra; Serviss v. Ann Arbor Ry., 135 N. W., 343; Craig v. St. Louis U. Ry., 158 S. W., 390; Denver City T. Co. v. Hills, 116 Pac., 125; Chicago, R. I. & P. Ry v. Wood, 104 Fed., 663. To my mind the principle is no different than where a person boards the wrong train by mistake and desires to leave it. That she wanted to leave it is the test and not the reason why. In this behalf it is held in Cincinnati, Hamilton & I. Ry. v. Carper, 13 N. E., 122, that a passenger who enters the wrong train through mistake is entitled to protection as a passenger while in the train and alighting therefrom. Judge Elliott rendering the opinion cites as supporting this doctrine Columbus, C. & I, Central Ry. v. Powell, 40 Ind., 37; Railroad Co. v. Gilbert, 22 Am. *239 & Eng. Ry. Cas., 405; Railway Accident Law, 215; 2 Wood Railway Law, 1047, and concludes:
“The deceased was therefore entitled to be treated as.a passenger while on the train, and a high degree of practicable care to protect him from injury was due to him from the carrier. ’ ’
As supporting this proposition, see 4 R. C. L. 1021, Sec. 483, and the following cases: Finnegan v. Chicago, St. P., M. & O. Ry., 51 N. W., 122; Lake Shore & M. S. Ry. v. Rosenzweig, 6 Atl., 545; Arnold v. Penn. Ry., 8 Atl., 213; International & G. N. Ry. v. Gilbert, 64 Tex., 536; St. Louis S. W. Ry. v. Pruitt, 79 S. W., 598; Ft. Worth & R. G. Ry. v. Dubose, 171 S. W., 1090; Boggess v. Chesapeake & Ohio Ry., 16 S. E., 525; Johnson v. Seaboard Air Line Ry., 79 S. E., 91.
I have been able to find no case to the contrary, and none has been cited to which I have access. In the cases cited as holding the contrary doctrine, it was held in each instance that the peculiar facts of the case did not constitute the plaintiff a passenger at any time, and, of course the rule calling for the highest degree of care, at no time applied. I refer to the following cases: Webster v. Fitchburg Ry., 161 Mass., 298, 37 N. E., 165; Jones v. Boston & Maine Ry., 39 N. E., 1019; Robertson v. Boston & N. St. Ry., 76 N. E., 513; Scott v. Cleveland, C., C. & St. L. Ry., 43 N. E., 133; McKinley v. Louisville & N. Ry., 127 S. W., 483; Griswold v. Chicago & N. W. Ry., 26 N. W., 101.
The relation arises by the implied contract of offer and acceptance — the offer of the plaintiff and its acceptance by the company. By the terms of the contract the plaintiff had the right to terminate it at any stop or at the stop where it began, the conductor or motorman having notice of her intention to do so. She exercised her option and terminated it at the same stop where she got on, and the jury found that the motorman saw the plaintiff on the step, or in the exercise of ordinary care, in the performance of his duties, should have seen her there, and that she was negligently thrown off the car by a sud *240 den jerk forward, thus causing her to fall and to sustain some of the injuries complained of.
And if the company was bound by its acceptance of the plaintiff as a passenger to exercise the highest degree of care for her safety, that duty continued as long as he continued under its control. The degree of care therefore, which the company was required to exercise towards her did not change with the change of her mind, until she alighted upon the street, to say the least.
Holding these views, the defendant’s motion for judgment will be overruled and its motion for new trial denied. Judgment for plaintiff on the verdict.

Affirmed by the Court of Appeals.