OCTAVIA B. MERRILL, administratrix, *vs.* EASTERN
RAILROAD COMPANY.

Essex. Nov. 7, 1884. — May 7, 1885. FIELD, C. ALLEN, & COLBURN, JJ.,
absent.

A person who gets upon a railroad train after it has started does not become a "passenger," within the Pub. Sts. c. 112, § 212, until he reaches a place of safety inside of the car intended for him to ride in, and no action can be maintained for his death, if he falls off the platform of the car, and is killed.

Running a railroad passenger train at the rate of thirty miles an hour on a straight track is not gross negligence, within the Pub. Sts. c. 112, § 212.

HOLMES, J. This is an action of tort, under the Pub. Sts. c. 112, § 212, alleging that the plaintiff's intestate was a passenger upon a train of the defendant; and that, by reason of the defendant's negligence and the gross carelessness of its servants, his life was lost. There are three specifications. First, that the train was overloaded and the life of the intestate lost, because, by reason of the insufficiency of its rules, the corporation failed

to make proper provision for carrying passengers. Second, that the train was overloaded by the unfitness of the defendant's servants. Third, that the intestate's life was lost by the gross negligence of the defendant's servants " in failing to provide sufficient cars for the reasonable accommodation of passengers, and in the overloading, running, and management of said train."

The plaintiff's intestate had been travelling upon the engine, but got off at East Salisbury, a station where the train stopped, and, after the conductor had called out, " All aboard," and the train had started, ran and got upon the front platform of the front passenger car. The train was crowded, but there was no evidence that it would have been impossible for the deceased to reach the inside of the car, and there was testimony that he could have done so, and that he was asked by the brakeman to get out of the way so that the latter could do his work, but retorted that he had been on this road twenty years, and knew more about railroads than the brakeman did. The deceased stood upon the step of the platform facing inward, and after the train had gone from a quarter to half a mile fell off and was killed. In half a mile the train had reached a speed of thirty miles an hour, and, according to some of the witnesses, it was swaying violently when the deceased fell. The track was straight. The court ruled that the action could not be maintained upon the evidence, and directed a verdict for the defendant.

We are of opinion that the ruling was correct, and that none of the specifications were maintained. If we should assume that the deceased had acquired the rights of a passenger, and that the defendant failed to make proper provision for carrying passengers, or that the train was overloaded by the unfitness of the defendant's servants, still we should have some difficulty in saying that the overloading was the cause of the death, notwithstanding the decision in *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211. For if the place which the deceased took was unfit and dangerous, its unfitness and danger already existed and were manifest before he took it. If there was a crowd on the platform, the deceased saw it. And certainly the argument would be strong that he, rather than the defendant, was the cause of his being where he was, and of his exposure to the danger incident to that place.

But we do not pass upon this point, because we cannot assume that the deceased had acquired the rights of a passenger. He did not do so when he got upon the engine, a place to which he was not invited, and which every one knows is not intended for passengers, and where in this case he would have escaped paying fare, as it was inaccessible to the conductor. Then, supposing that his start upon the engine did not give a character to his subsequent relation to the defendant, (*Swan* v. *Manchester & Lawrence Railroad*, 132 Mass. 116, 120,) and that the deceased was in the same position as if he had attempted to get on at East Salisbury for the first time, it is clear that, when he attempted to get upon the moving train after it had started, he was outside of any implied invitation on the part of the defendant, and did not at once acquire the rights of a passenger in the hands of a carrier.

We may admit that, if he had reached a place of safety and seated himself inside the car, the bailment of his person to the defendant would have been accomplished, so that he would not have been prevented from asserting such rights because of his improper way of getting upon the train. But we think that he could not assert them until he had passed the danger which met him on the threshold, and had put himself in the proper place for the carriage of passengers.

It is no answer to say that he was prevented from doing so by the defendant's fault. There was no evidence that the deceased was compelled to remain on the step of the platform. But even if the jury would have been warranted in finding that there was such a crowd that the deceased naturally stopped where he was, although not strictly compelled to do so, and that the crowding was due to the defendant's fault, still there was no fault as toward the deceased, because the defendant was not bound to provide for the contingency of people getting upon the train after it had started. We may add, that there is not a particle of evidence that, if the deceased had got upon the train at the proper time, he could not have reached the inside of the car.

There is nothing in the subsequent conduct of the defendant of which the plaintiff can complain. The defendant was not bound to stop its train by reason of anything which it is shown to have known, or of which there is any evidence. And if the

defendant had a right to run its train at all, it was not gross negligence to run it at the rate of thirty miles an hour on a straight track. There was no allegation or proof of any defect in the cars which made the motion worse than usual. The speed was not unusual, and moreover it was hardly connected with the death by anything more substantial than conjecture.

*Exceptions overruled.*

*C. A. Benjamin,* for the plaintiff.
*F. L. Evans,* for the defendant.