*P. Webster,* for the defendant.

---

### ELIZABETH S. WEBSTER, administratrix, *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.    March 8, 1894. — May 16, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Passenger.*

A person who is struck and killed while running very rapidly from the direction of a public street in S. across the premises of a railroad corporation, outside of the passenger station, and across a track on which is an approaching train, apparently with a view to taking another train which is about to start for B. on the track beyond, is not a passenger for whose death an action can be maintained under Pub. Sts. c. 112, § 212, although at the time of his death he had in his pocket a ten-trip ticket which entitled him to ride over the railroad between B. and the station in S. where the accident occurred.

TORT, under Pub. Sts. c. 112, § 212, by the administratrix of William Webster, for causing his death.

Trial in the Superior Court, before *Maynard,* J., who ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions, in substance as follows.

The intestate lived in Somerville, and was in the daily habit of taking the 8.40 A. M. train at the Union Square station of the defendant's railroad for Boston. On the morning of December 12, 1889, while the 8.40 train was standing at the station receiving passengers, the intestate immediately before he was struck and killed was running very rapidly from the direction of a public street across the defendant's premises outside the passenger station, and across the outward track toward the train, which was standing on the inward track; and while crossing the outward track he was struck by a west-bound train which

was scheduled to stop at the Union Square station at 8.42 A. M.; and received the injuries which caused his death. At the time of the accident he had in his pocket a ten-trip ticket, stamped December 9, 1889, which entitled him to ride over the defendant's railroad between Boston and the Union Square station, where the accident occurred.

*S. H. Tyng*, for the plaintiff.

*G. A. Torrey*, for the defendant.

KNOWLTON, J.   At the trial the plaintiff relied solely on her count under Pub. Sts. c. 112, § 212, in which she alleged that her intestate was a passenger on the defendant's railroad, and the only question in the case is whether there was evidence to warrant the jury in finding that he was a passenger.   He had in his pocket a ten-trip ticket, which entitled him to ride over the defendant's railroad between Boston and the station in Somerville where the accident happened, and immediately before he was struck and killed he was running very rapidly from the direction of the public street across the defendant's premises outside of the passenger station to a track on which was an incoming train, apparently with a view to take another train which was about to start for Boston on the track beyond.   It is contended, in behalf of the plaintiff, that, inasmuch as he had previously obtained a ticket, and was on the defendant's premises in a place designed for the use of passengers outside of the station, and was about to take a train, he had become a passenger.

One becomes a passenger on a railroad when he puts himself into the care of the railroad company to be transported under a contract, and is received and accepted as a passenger by the company.   There is hardly ever any formal act of delivery of one's person into the care of the carrier, or of acceptance by the carrier of one who presents himself for transportation, and so the existence of the relation of passenger and carrier is commonly to be implied from circumstances.   These circumstances must be such as to warrant an implication that the one has offered himself to be carried on a trip about to be made, and that the other has accepted his offer, and has received him to be properly cared for until the trip is begun, and then to be carried over the railroad.   A railroad company holds itself out as ready

to receive as passengers all persons who present themselves in a proper condition, and in a proper manner, at a proper place to be carried. It invites everybody to come who is willing to be governed by its rules and regulations. In a case like this, the question is whether the person has presented himself in readiness to be carried under such circumstances in reference to time, place, manner, and condition that the railroad company must be deemed to have accepted him as a passenger. Was his conduct such as to bring him within the invitation of the railroad company? In *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, it was said: "When one has made a contract for passage upon a vehicle of a common carrier, and has presented himself at the proper place to be transported, his right to care and protection begins." In this statement it was assumed that he would be in a proper condition, and present himself in a proper manner. If his condition should render him unfit to be in the presence of passengers on the train, or if he should present himself while doing something which would expose himself or others to great danger from the cars or engines of the carrier, he would not be within the invitation of the railroad company, and it would not be expected to accept him as a passenger.

In the present case, after the arrival of the plaintiff's intestate on the defendant's premises, there was no time when he presented himself in a proper manner to be carried. He was all the time running rapidly, without precautions for his safety, towards a point directly in front of an incoming train. He did not put himself in readiness to be taken as a passenger, and present himself in a proper way. If we treat his approach as a request for passage, and if we conceive of the railroad company as being present and speaking by a representative who saw him, there was no instant when the answer to his request would not have been, "We will not accept you as a passenger while you are exposing yourself to such peril. We do not invite persons to become passengers while they are rushing into danger in such a way."

The law will not imply a contract by a railroad company to assume responsibilities for one as a passenger from such facts as appear in this case. *Dodge* v. *Boston & Bangor Steamship Co.*,

*ubi supra.    Merrill* v. *Eastern Railroad,* 139 Mass. 238.    *Commonwealth* v. *Boston & Maine Railroad,* 129 Mass. 500.    *Warren* v. *Fitchburg Railroad,* 8 Allen, 227.    *Baltimore Traction Co.* v. *State,* 28 Atl. Rep. 397.                    *Exceptions overruled.*