MELVILLE F. JONES *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     November 21, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Railroad — Passenger — Negligence — Action.*

One who, without the knowledge of any of the trainmen or servants of a railroad corporation, endeavors to get upon a train which has stopped for the purpose of discharging passengers at a station where it is not accustomed to stop for the purpose of receiving them, does not thereby become nor acquire the rights of a passenger, although he has a ticket, and cannot recover damages from the corporation for an injury caused by the sudden starting of the train while he is so endeavoring to get upon it; no negligence on the part of the corporation's servants being shown.

TORT, for personal injuries occasioned to the plaintiff, while attempting to board a train on the defendant's railroad at the Winter Hill station in Somerville, by the alleged negligence of the defendant. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*S. J. Elder & R. Bradford*, for the plaintiff.

*T. Hunt*, for the defendant.

ALLEN, J. The train by the starting of which the plaintiff was hurt was not accustomed to stop at that station for the purpose of receiving passengers, but only for the purpose of leaving

them in case there were any who wished to stop there; and when it so stopped, persons who wished and were ready to take the train were permitted to do so. The plaintiff had not made it known to anybody in the service of the defendant that he intended to take that train. Indeed, he did not himself intend to take it until, while on his way to the railroad station, he heard it coming; whereupon he ran to catch it, under the mistaken supposition that it was the train which he had intended to take. The train stopped on this occasion to leave passengers; and the plaintiff, arriving just afterwards and having a ticket, attempted to get on board. It was dark. He saw no trainmen or servants of the defendant, and was seen by none of them. The conductor had given the signal for the engineer to start, and the train started just as the plaintiff stepped upon the platform of a car, and he was thrown down and hurt. The verdict shows that the conductor, when he gave the signal, did not know that the plaintiff was getting upon the train, or was intending to get upon it, or was approaching it for that purpose; and also that his failure to know these things was not due to any negligence on his own part, or on the part of the trainmen, or of the defendant in the matter of the trainmen. Under these facts, the plaintiff had not been received or accepted as a passenger, and did not have the rights of a passenger. *Webster* v. *Fitchburg Railroad,* 161 Mass. 298. *Dewire* v. *Boston & Maine Railroad,* 148 Mass. 343. *Merrill* v. *Eastern Railroad,* 139 Mass. 238.

Not being a passenger, the defendant owed to him no duty which it failed to perform. The instructions to the jury were carefully and accurately expressed, and were sufficient.*

*Exceptions overruled.*

---

* The judge instructed the jury that the defendant was under no obligation to hold the train at this station for an instant after such passengers as desired to do so had left it; and further instructed them as follows: "Assuming that you find that there was no contributory negligence on the part of the plaintiff, to maintain this action the plaintiff must prove that the conductor when he gave the signal to start either knew, or would have known had he and the other trainmen used due care, and had the defendant used due care in lighting its premises and providing a suitable number of trainmen, that the plaintiff was then either getting upon the train or that he intended to get upon it, and was approaching it for that purpose, and was so near to it that there was reason to apprehend that, while he was in the act

---

of getting upon the car, the train then being at rest, and before he was able to complete such act, the train might start and thereby injure the plaintiff. But if, when the signal to start the train was given, the plaintiff was neither getting upon the train, nor appeared to be approaching it for that purpose, there was no negligence on the part of the defendant or its servants, and this action cannot be maintained. Now, going back, you will inquire whether, at the time when the conductor gave the signal, he knew that the plaintiff was in the act of getting upon that train. Suppose he did not know it, ought he to have known it ? And he ought to have known it, if in the exercise of due care on the part of himself and the other trainmen, and in the exercise of due care upon the part of the defendant in the matter of trainmen, he would have known it. A negligent ignorance in regard to this matter, so far as its effect is concerned, is tantamount to actual knowledge."