[Southern Railway Co. v. Johnson.]

# Southern Ry. Co. v. Johnson.

*Action for Damages for Personal Injuries.*

[DECIDED JUNE 30, 1905.]

1. *Damages; Carrier and Passenger; Negligence.*—Where a person who had previously notified the conductor of a train that he intended to travel thereon, attempts to board the train while it is in motion, and is thrown to the ground by the movement of the train before he succeeded in getting aboard, the relation of carrier and passenger did not exist; and in such case, where the only evidence of negligence was that, while the party was trying to board it, the train suddenly accelerated its speed by putting on more steam, no cause of action is shown.

APPEAL from the Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

This was an action by the appellee, Reuben Johnson, against the appellant, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. It is unnecessary to note the various exceptions to rulings of the lower court on the pleadings and testimony. The evidence showed in effect that the plaintiff came to Calera, for the purpose of there taking the defendant's train for his home. That shortly before the train was due to leave, he went into a saloon on the opposite side of the railroad track from the depot of the defendant. There he met the conductor of the train, who asked plaintiff if he was going on it, and on plaintiff saying he was, the conductor said all right, and in a minute or two left the saloon. The plaintiff remained there until the train was pulling out, when he ran out and tried to board the train while it was moving at the rate of from one to three miles an hour. He fell and was injured. His testimony as to the cause of the fall is set out in the opinion.

There was verdict and judgment for the plaintiff, from which the defendant appeals.

HENRY McDANIEL and PETTUS & JEFFRIES, for appel-
lant.

No brief in record for appellee.

SIMPSON, J.—In this case the evidence produced by
the plaintiff himself shows that the plaintiff remained
in a saloon, not connected with the railroad depot, or
waiting-rooms, until the train had started and was run-
ning from one to three miles per hour, (according to
the statement of different witnesses) and then ran, took
hold of the railing of the caboose, but fell. The only ev-
idence of anything in regard to the movement of the train
which might have caused the fall of plaintiff, was his
statement that when he undertook to take hold of the
other railing, with his left hand "It gave a sudden jerk
and threw me back. They were putting on more steam
or something like that. It went faster, when it gave that
sudden jerk and jerked my left hand loose. It swung me
around behind the train and I fell."

In the first place there was no proof that the jerk was
anything more than what was proper and necessary in
the movement of the train, but on the contrary the plain-
tiff himself states that "They were putting on more
steam or something like that," which was evidently the
proper thing to do in moving the train.

In the next place the relation of passenger had never
been established and the defendant was not under any
special obligation to the plaintiff. Even if the casual
conversation in the saloon, between plaintiff and the con-
ductor, could have been understood as an agreement to
receive plaintiff as a passenger, which it was not, it
could only mean that he would be received when he
boarded the train in a proper manner, and could not au-
thorize him to remain in the saloon until after the train
had started and then run and attempt to board it while
it was in motion. There is nothing in the evidence to
show that any invitation was extended to him to board
the train at this time, or even that anyone in charge of
the train had any knowledge of the fact that he was at-
tempting to board it. Even if it were proved, which it
was not, that it was customary for the caboose to be pull-
ed up to the platform for passengers to get on, while a

[Wells, *et al.* v. Gallagher.]

failure to do so might, under some circumstances, give a passenger who was left a right of action, yet it could not justify the action of the plaintiff in this case.—*Jones v. B. & M. R.* 163 Mass. 245 and note; *Merrill v. Eastern R.,* (139 Mass. 238), 52 Am. Rep. 705;*Spangle v. C. & A. R. R. Co.,* 31 Ill. App. 460; *Schepers v. Union Depot Ry. Co.,* 126 Mo. 665, 672, 674; *McMurtry v. L. N. O. & T. Ry.,* 67 Miss. 601; *Webster v. Fitchburg R. R.,* 161 Mass. 198; *Browne v. Railroad,* 108 N. C. 34, 43; *McLaren v. Ala. Mid. Ry.,* 100 Ala. 506; *N. Birmingham Ry. Co. v. Liddicoat,* 99 Ala. 545, 552.

It results that the court erred in refusing to give the general charge in favor of the defendant, on written request.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C. J., TYSON and ANDERSON, JJ., concurring.