MARY FOURNIER *vs.* HOLYOKE STREET RAILWAY COMPANY.
JOHN L. FOURNIER *vs.* SAME.

Hampden.    November 23, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Passenger. Negligence,* Street railway. *Release. Fraud. Practice, Civil,*
New trial.

At the trial of an action by a woman against a street railway company for
personal injuries received when she was thrown as she was entering a
street car of the defendant, the plaintiff testified that, after the car had
stopped on her signal, she was following her sister, that she had hold
of the grab iron with her left hand and had her left foot on the step when
the car started and she was "twisted all around," "fell toward the back
of the car," striking her head; that she heard the starting bell when
her foot was on the first step and knew that the car was going to start;
that she did not hurry then, "had nothing to hurry for."  A motion
that a verdict be entered for the defendant was denied and there was
a verdict for the plaintiff.   In this court the defendant made no issue
of the due care of the plaintiff or of the negligence of the defendant.
*Held,* that
    (1) The evidence warranted a finding of an invitation to the plaintiff
to become a passenger, an acceptance thereof, and a starting of the car
at the signal of the conductor before the plaintiff was in a position
of safety;
    (2) The motion properly was denied.
It is not true as an absolute proposition of law that a person cannot and
does not become a passenger before he takes hold of the grab iron of a
trolley car; that act is but a circumstance to justify an implication that
the person desiring passage has offered himself to be carried and that
such offer has been accepted by the carrier.
Inasmuch as the plaintiff in the action above described could have been
found to have been accepted as a passenger without her taking hold
of the car, and inasmuch as she was not bound to anticipate that the
car would be started while she was in the act of getting on it, it was
proper to refuse a request by the defendant for a ruling that, if the
plaintiff, at the time when a "passenger in the rear vestibule assured
the conductor it was safe to start the car, did not have hold of the car
for the purpose of boarding it, she was not a passenger; and the de-
fendant did not owe her the duty it owed a passenger."
Evidence at the trial of an action of tort for personal injuries, it was *held,*
warranted a special finding by the jury that a release of the defendant
from liability, signed by the plaintiff, was procured through fraud of an
agent of the defendant; and a motion for a verdict for the defendant
on the ground of the release which the plaintiff admitted having signed
properly was denied.

A judge is not bound, as matter of law, to set aside a verdict because in his opinion it is against the weight of the evidence; if he were so bound, the result would be "the trial of facts by the court instead of the jury": the disposition of the motion lies in his sound discretion.

TWO ACTIONS OF TORT described in the opinion. Writs dated February 15, 1919, and June 16, 1924, respectively.

In the Superior Court, the actions were tried together before *Callahan,* J. Material evidence and exceptions by the defendant are described in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $7,500 and $3,500. The defendant alleged exceptions.

The case was submitted on briefs.

*W. H. Brooks, J. P. Kirby, & D. H. Keedy,* for the defendant.

*T. C. Maher,* for the plaintiffs.

PIERCE, J. These are two actions of tort. In one Mary Fournier seeks to recover damages for alleged personal injuries sustained by her on December 20, 1918, at about five o'clock in the evening, when, as is alleged, she was attempting to board a street car of the defendant; in the other action her husband, John L. Fournier, seeks to recover for expenses incurred by him and alleged to have been necessitated by the same injury for which Mary Fournier sues. There was no question of pleading raised at the trial. At the close of the evidence, the defendant filed a motion requesting the trial judge to direct a verdict for the defendant in each case. The motion was denied and the defendant excepted.

The evidence for the plaintiff warranted the jury in finding that on Friday, December 20, 1918, the plaintiff Mary Fournier, accompanied by her sister, walked along Blanche Street in Chicopee, intending to take a trolley car bound for Holyoke. They stopped near the corner of Blanche Street and Chicopee Street opposite a white post, at a place where the cars of the defendant regularly stop to take on and let off passengers, and waited for a car. In about ten minutes the car approached with the headlight on. As it neared the post, the plaintiff and her sister raised their hands and walked toward the tracks, distant about fifteen feet. In response to their signals the car stopped opposite the white

post near which they had been waiting, and they had only a few steps to take to reach the car. The sister of the plaintiff placed one foot on the first step, and the other on the second, when the car started. The plaintiff, following, took hold of the grab iron with her left hand, and had placed her left foot on the first step when the car "started with a sudden jerk." As a result she was "twisted all around," "fell toward the back of the car," striking her head, and suffered the injuries of which she complains.

On cross-examination the plaintiff described the incident as follows: "We got to the door at about the same time, but she [her sister] got hold of the handle first. I just stepped toward, to give her the right, because she had the suit case, and I took the left with my left hand. She got on the step about the same time I did. I heard the bell while my foot was on the steps. I was on the first step. After I heard the bell I knew the car was going to start. I was not behind my sister when I heard the bell. When the bell rung I had hold of the car, one foot on the step. I did not hurry when I heard the bell . . . . I had nothing to hurry for. I was right in place where I should get in the car."

On the foregoing facts the motion for a directed verdict was refused rightly. The evidence established an invitation to the plaintiff to become a passenger, and acceptance of such, and a starting of the car at the signal of the conductor before the plaintiff was in a position of safety. *Gordon* v. *West End Street Railway,* 175 Mass. 181. *Franz* v. *Holyoke Street Railway,* 239 Mass. 565, 567.

Apparently upon the assumption that the car was stopped to receive the plaintiff and her sister, one or both, and upon the further assumption that the car started upon the signal of the conductor before the plaintiff had taken hold of the car and had begun to enter it by placing one foot on the step, the defendant requested the following ruling: "26. If Mrs. Fournier did not have hold of the car for the purpose of boarding it when the signal for the car to start was given, she was not a passenger and the defendant did not owe her the duty it owed a passenger." This request was refused rightly. It is not true as an absolute proposition of law

that a person cannot and does not become a passenger before he takes hold of the grab iron of a trolley car. That act is but a circumstance to justify an implication that the person desiring passage has offered himself to be carried and that such offer has been accepted by the carrier. *Webster* v. *Fitchburg Railroad*, 161 Mass. 298, 299. *McPartland* v. *Boston, Revere Beach & Lynn Railroad*, 242 Mass. 346. If the facts do not justify an implication that the traveller has offered himself and been received as a passenger, it is true as posited in substance in the request that "the defendant did not owe her the duty it owed a passenger." That is, not being in the exercise of the calling of a common carrier, it incurred no responsibility to exercise extraordinary diligence but only to use the public way with due regard to the use of the same by others. *Duchemin* v. *Boston Elevated Railway*, 186 Mass. 353.

On the assumption that the conductor gave the signal to start the car on the assurance of a passenger in the vestibule, at a time when the plaintiff did not have hold of the grab iron, the defendant requested the following ruling: "27. If Mrs. Fournier, at the time the passenger in the rear vestibule assured the conductor it was safe to start the car, did not have hold of the car for the purpose of boarding it, she was not a passenger; and the defendant did not owe her the duty it owed a passenger." Inasmuch as the plaintiff could have been found to have been accepted as a passenger without her taking hold of the car, and inasmuch as she was not bound to anticipate that the car would be started while she was in the act of getting upon it (*Ryan* v. *Pittsfield Electric Street Railway*, 203 Mass. 283), it is plain the defendant was not entitled to have the request given in the form presented. A signal to start the car given by the conductor before the plaintiff, accepted as a passenger, had an opportunity to get fully upon the car, manifestly could not have the effect of a withdrawal of the invitation until the plaintiff heard or reasonably ought to have heard the signal and understood its purport.

The plaintiff, by way of answer to the release offered by the defendant and received in evidence, testified that on the day

the release was signed, which was about three weeks after the accident, Nevin, the claim agent of the defendant, again came to her home; that after some talk about her injuries, she told him that her daughter had been staying out of work caring for her and that she didn't know whether she could keep her home any longer or not; that there was then some talk of the amount of wages the plaintiff's daughter received while at work; that Nevin then told her to keep her daughter home for a while longer and that he would give her his personal check for $125 for the daughter, and they would take up the settlement of plaintiff's claim later; that he then gave her a check which she did not attempt to read; that he then took another paper out of his pocket and said, "I am giving you my personal check and this (referring to the paper which he took out of his pocket) is a receipt which I will have to have so I can get the money from the bookkeeper."   The plaintiff further testified, in substance, that she called her daughter and asked her to bring her father's glasses; that the daughter brought the glasses into the room where she and Nevin were and that Nevin said (referring to the release) "You do not need to read it, it is only a receipt for the bookkeeper."   She further testified that "she trusted Nevin and that she believed his statement that the paper was a receipt; that in reliance upon this belief she did not read the paper, and signed believing it was a receipt."

In answer to the question, "Was Mr. Nevin guilty of fraud in procuring the release from the plaintiff?" the jury answered, "Yes."   The motion for a directed verdict based upon the release was refused rightly, and the question of fraud in obtaining it was properly submitted to the jury in view of the above quoted testimony.. *O'Donnell* v. *Clinton,* 145 Mass. 461, 463. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345.

The defendant, in its brief, puts its defence to the action upon the ground that the plaintiff was not a passenger when injured; and, if such, upon a release by the plaintiff (assuming the plaintiff was a passenger when injured).   The defendant in its brief makes no issue of the due care of the

plaintiff or of the negligence of the defendant; and we assume any defence in that regard is waived.

There was no error in the denial of the motion for a new trial. It was addressed to the sound discretion of the court; and although the evidence to which the motion was directed has elements of such improbability that a new trial might reasonably have been expected, nevertheless it cannot be said that the accident could not have happened substantially as described by the plaintiff, nor that the story of the release is false and lacks even the merit of originality. A judge is not bound, as matter of law, to set aside a verdict because in his opinion it is against the weight of the evidence; if he were so bound, the result would be "the trial of facts by the court instead of the jury." *Reeve* v. *Dennett,* 137 Mass. 315, 318.

*Exceptions overruled.*