ELLEN F. COTTER, administratrix, *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk. December 8, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Passenger. Carrier,* Of passengers.

At the trial of an action against a railroad corporation under Sts. 1906, c. 463, Part I, § 63; 1907, c. 392, by the administratrix of the estate of a boy, for negligently causing the death of the boy, alleged in the declaration to have been a passenger of the defendant, it appeared that the boy boarded the front platform of the first car of a train of the defendant with a companion, and that he was accidentally killed when he was leaving the train while it was in motion, after a brakeman had told him to "get off"; and the companion testified that he was stealing a ride. There was no evidence that the boys were accepted by the defendant as passengers. A motion for a verdict for the defendant was denied. *Held,* that the motion should have been granted, since a finding that the plaintiff was a passenger of the defendant was not warranted.

TORT. Writ dated March 7, 1918.

The action previously was before this court after a trial before *Bell,* J., when an exception by the plaintiff was sustained in a decision reported 237 Mass. 68.

There was a further trial before *Whiting*, J., upon the first count of the declaration only, which was based on Sts. 1906, c. 463, Part I, § 63; 1907, c. 392, in which the plaintiff alleged that her intestate was a passenger of the defendant when injured. Material evidence is described in the opinion. The judge denied a motion by the defendant for a ruling that the plaintiff's intestate was not a passenger of the defendant, and left to the jury the question, whether the plaintiff's intestate was a passenger when injured, quoting in his charge from the opinion in *Webster* v. *Fitchburg Railroad*, 161 Mass. 298, at pages 299, 300, and instructing the jury that unless they found that the intestate was a passenger and that negligence of an employee of the defendant caused his death, there could be no recovery. He also left to the jury the following questions:

"1. Was Albert Cotter, the deceased, a passenger on the train operated by the defendant at the time he left the train?

"2. Were the employees of the defendant, or any of them, negligent just before Albert Cotter left the train?

"3. Was the negligence of the employees of the defendant the cause of Albert Cotter's death?"

The jury answered all the questions affirmatively, and found for the plaintiff in the sum of $5,750. The defendant alleged exceptions.

The plaintiff also alleged an exception to a denial of a motion made by her after verdict that interest be added to the amount of the verdict, it appearing that the judge had given no instruction to the jury on the question of interest, that no request as to interest had been presented to him, and that his omission to charge on the subject had not been called to his attention at the close of the charge.

The case was submitted on briefs.

*T. Kelly*, for the defendant.

*F. Juggins & M. Morrill*, for the plaintiff.

CROSBY, J.   This is an action of tort to recover damages for the death of Albert Cotter which occurred on March 9, 1917, while, it is alleged in the first count of the declaration, he was a passenger on a train of the defendant. The case was submitted to the jury solely on the first count.

The deceased and a boy named Daniel Benmosche boarded the front platform of a passenger car, which was next to the engine of a steam railroad train of the defendant, while the train was standing at Winthrop Beach station, or soon after it had started toward the Playstead station in Winthrop. Benmosche testified that he was stealing a ride. The deceased, after going up on the platform, walked to the other side thereof, leaned over and looked toward the front of the train. Afterwards he sat down on the platform with his feet on the upper step. Benmosche testified that he saw a man on the engine take hold of the bell cord and begin "wiggling" it; that it moved up and down, and he saw it hit the car; that one Strickland, a brakeman, whom he saw walking down the aisle of the car toward the front door, opened it quickly and said "get off." Benmosche further testified that when he was on the lower step he "swung around and dropped off the train," which was running about fifteen miles an hour; that after he left the train he saw the deceased "kind of slip down off the steps" holding onto the gate for a few seconds, then release his hold, fall, and roll under the train. There was testimony of other eye witnesses which did not tend to contradict or control the above testimony of Benmosche.

Upon the entire evidence, considering it in the light most favorable to the plaintiff, a finding was not warranted that the deceased was a passenger; for that reason the defendant's motion that a verdict be directed in its favor should have been allowed. *Merrill* v. *Eastern Railroad,* 139 Mass. 238. *Renaud* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 553, 556. *Youngerman* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 29. *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135.

"One becomes a passenger on a railroad when he puts himself into the care of the railroad company to be transported under a contract, and is received and accepted as a passenger by the company." *Webster* v. *Fitchburg Railroad,* 161 Mass. 298, 299.

The case of *Cotter, petitioner,* 237 Mass. 68, was before this court upon a petition filed by the plaintiff to establish exceptions, and upon exceptions taken at the trial. The

question, whether the plaintiff's intestate could have been found to have been a passenger, was not raised or considered.

As the defendant's motion for a directed verdict should have been allowed, it is unnecessary to consider its requests for rulings. For the same reason the question presented by the plaintiff's bill of exceptions relating to interest on the verdict has become immaterial.

> *Plaintiff's exceptions overruled.*
> *Defendant's exceptions sustained.*
> *Judgment to be entered for the defendant under G. L. c. 231, § 122.*