SUSAN A. GILLIS, administratrix, *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.   March 8, 1929. — March 11, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence*, Railroad.   *Evidence*, Presumptions and burden of proof, Matter of conjecture.

Evidence, at the trial of an action by an administratrix against a railroad corporation for causing conscious suffering and the death of the plaintiff's intestate, which showed merely that the intestate had waited at a station of the defendant intending to board a train there and with a ticket entitling him to do so; that he was seen to step up on the first step of the rear car of a train and with his hands to have taken hold of the "two bars," or "rails" or "irons"; that when last seen "he was on the running board, or the floor board" of the car; that the train started almost immediately thereafter, and that later he was found about three hundred thirty feet distant on the tracks of the defendant, mortally injured, left the questions, whether the train was a passenger train and whether the intestate's injury and death resulted from negligent operation of a train on which he was a passenger, matters of conjecture; and therefore it was proper to order a verdict for the defendant.

TORT, by the administratrix of the estate of John Howard Gillis, to recover for the causing, through negligence, of

conscious suffering and the death of the intestate.    Writ
dated July 12, 1926.

In the Superior Court, the action was tried before *Raymond*, J.    Material evidence is stated in the opinion.    At
the close of the plaintiff's evidence, the judge ordered a
verdict for the defendant.    The plaintiff alleged exceptions.

*J. F. Barry*, (*J. J. Cronin* with him,) for the plaintiff.

*T. Kelly*, for the defendant.

RUGG, C.J.    This is an action of tort wherein the plaintiff
seeks to recover for the death and conscious suffering of
her intestate, alleged to have been caused by the negligent
starting of the defendant's train while he was in the act
of boarding it.

The evidence in its aspect most favorable to the plaintiff
would warrant a finding that the deceased was waiting at a
station of the defendant as a train came in, with a ticket
entitling him to ride from that station, having previously
expressed an intention to take a train scheduled to leave at
about that time.    He was seen to get on the rear car of
"the train, that is, he had his hands on the two bars of the
train . . . or the rails . . . had taken hold of the irons and
stepped up on to the first step."    When last seen "he was
on the running board, or the floor board" of the car, and the
train started almost immediately thereafter.    Later he was
found about three hundred thirty feet distant on the tracks
of the defendant, mortally injured.    Subsidiary facts and
suggested inferences need not be stated in further detail.

On all the evidence it could not rightly have been found
that negligence of the defendant had any causal connection
with the injury and death of the plaintiff's intestate.    It
does not appear that the train which he boarded was a passenger train or designed to carry passengers, or that his injury resulted from negligent operation of a train on which
he was a passenger.    The case falls within the general principle that, where the cause of the injury for which damages
are sought is left to conjecture or surmise and has no solid
foundation in established facts, there can be no recovery.
*Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345.
*Lyford* v. *Boston & Maine Railroad*, 227 Mass. 10.    *Kansas*

*City Southern Railway* v. *Jones*, 276 U. S. 303. *Chicago, Milwaukee & St. Paul Railway* v. *Coogan*, 271 U. S. 472, 478. The case is quite distinguishable from *McPartland* v. *Boston, Revere Beach & Lynn Railroad*, 242 Mass. 346, on which the plaintiff relies.

*Exceptions overruled.*