*Northern District*

No. 5635

**MARY KONSTADAKIS**

v.

**HELEN B. McGARRIGLE**

(May 21, 1962)

*Present:* Brooks, P.J., Eno & Connolly, J.J.

Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex No. 2311 of 1961.

*Brooks, P. J.* This is an action of tort in which plaintiff seeks damages for injuries sustained while a passenger in an automobile owned and operated by defendant. The declaration is in four counts. Counts 1 and 3 in gross negligence, Counts 2 and 4 in simple negligence.

Defendant was the owner of an automobile (four door sedan) in which she transported plaintiff from work to her home on days when plaintiff worked. For this service plaintiff paid defendant $1.00 on Friday of each week. This arrangement had been in existence for several months prior to the date of the accident.

On August 10, defendant picked up plaintiff at her place of business and drove her to her home. Plaintiff was seated in the right rear seat, another passenger being in the front seat.

On arrival at the plaintiff's home, defendant stopped the car about two feet from the curb in front of plaintiff's house. The engine was not shut off nor was the emergency brake used. Plaintiff had alight-

ed from the vehicle by the right rear door and was on the ground about to close the door when the vehicle started forward. The door swung to a closing position, catching one of plaintiff's fingers between the edge of the door and body of the car causing the injury sued for.

Plaintiff cried out and ran with the car a few feet before the car came to a stop as a result of defendant hearing plaintiff's outcry. Defendant, before or after starting the car, did not look around believing that plaintiff had got clear of the car.

The court found the above facts and ruled that plaintiff was a passenger for hire. It also found that plaintiff was in the exercise of due care.

The Court found for plaintiff on Count 2 [simple negligence] in the sum of $1108.00 with interest from the date of the Writ.

Defendant filed the following requests for rulings all of which were denied except #5 which was allowed:

1. The evidence does not warrant a finding that the defendant, her agents or servants, were negligent.
2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.
3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by her to the plaintiff.
5. The evidence does not warrant a finding of gross negligence of the defendant.
6. The evidence does not warrant a finding that the plaintiff was a passenger for hire.

Defendant claimed to be aggrieved by the denial of her requests for rulings.

■ We are in accord with the ruling of the trial judge that plaintiff was a passenger, although not in the automobile at the moment of the accident. *Fournier v. Holyoke St. Railway,* 258 Mass. 257, *Ruel v. Langelier,* 299 Mass. 240, *Head v. Morton,* 302 Mass. 273. *Donahue v. Kelley,* 306 Mass. 511.

■ Furthermore, she was a passenger *for hire. Haines v. Chereskie,* 301 Mass. 112. Being a passenger for hire she needs only to prove simple negligence. *Woods v. Woods,* 295 Mass. 238, *Howes v. Kelman,* 326 Mass. 696, 698.

There is no contention that plaintiff was not in the exercise of due care. It was admitted the defendant was negligent. Indeed, as was stated at the argument before this court, the only issue is whether defendant was a passenger *for hire.* For several months plaintiff had been paying $1. a week on Friday for transportation in defendant's automobile for the five days ending on Friday. To be sure the stipend was small but so it was in *Haines v. Chereskie.* There was clearly an implied agreement that plaintiff was paying for transportation provided by the latter.

■  The fact that on the day of the accident plaintiff had not yet paid for her ride is of no more consequence than if she had been involved as a passenger in a street car accident before paying her fare. *Fournier v. Holyoke St. Railway,* 258 Mass. 257. The plaintiff customarily paid for he transportation on Friday. The accident happened the previous Wednesday.

Report is to be dismissed.

A. J. Zahka, for the Plaintiff.
William Gardiner, Boston, for the Defendant.